**MOORE et al. v. ROSCHEN et al.**

United States District Court
S. D. New York.
Nov. 13, 1950.

Leo Gitlin, New York City, for plaintiffs.

Bondy & Schloss, New York City, for defendants E. F. Timme & Son and William E. Roschen, David E. Nierenberg and Bertram Braufman, New York City, of counsel.

Michael A. Hayes, New York City, for defendant M. A. Henry Co., Inc.

McGOHEY, District Judge.

There are two motions for summary judgment, one by defendants E. F. Timme & Son, the other by defendant M. A. Henry Co., Inc.

The infant plaintiff, a resident of Pennsylvania, seeks damages for personal injuries. He was burned when a "Gene Autry" cowboy suit he was wearing caught on fire. The suit was of a kind manufactured and sold by the defendants. The injury was sustained on September 4, 1944. This action was commenced on January 15, 1949. The defendants in their answers pleaded the bar of the statute of limitations and these motions followed.

Plaintiff concedes that his action, if brought in Pennsylvania, would be barred by that State's statute of limitations, despite his infancy.

Section 13 of the New York Civil Practice Act incorporates into the law of New York the period of limitation of the state where the cause of action arose, if, as here, it arose in favor of a non-resident of this state. Section 60 of the New York Civil Practice Act provides that the period of a plaintiff's infancy "is not a part of the time limited in this article for commencing the action." From this plaintiff argues his action is not barred because the law of the forum tolls the statute during his infancy. This, it seems to me, misconstrues the purpose of Section 60 and its relation to Section 13. By the latter section New York adopts the limitation of the state

where the cause of action arose. It makes a clear exception in favor of resident claimants. If it intended also to make an exception in favor of non-resident infant claimants, it seems only reasonable to suppose it would have expressed it right in this section. Plaintiff cites no case to support his contention that Section 60 provides the exception in favor of non-resident infants, and I have found none. However, in 1926, Chief Judge Hiscock, in National Surety Co. v. Ruffin,[1] in discussing the meaning of Section 13 taken in conjunction with other sections of the Civil Practice Act, said, "The obvious purpose of the provision as a whole is to prevent a nonresident claimant from coming into this state and prosecuting a claim whether against resident or non-resident under our statutes of limitations if they are more favorable to him than the statutes prevailing in the state where the cause of action arose."

Thus this plaintiff cannot claim the advantage of Section 60 of the New York Civil Practice Act, to enlarge the time prescribed by Pennsylvania, where his cause of action arose.

Both motions for summary judgment are accordingly granted.

Settle order.

1. 242 N.Y. 413, 417, 152 N.E. 246, 247.