Dennis J. KEMPFER, Plaintiff-Appellant,
v.

Raymond H. EVERS, M.D., Superintendent and Medical Director, Rocky Knoll Sanatorium and Hospital; Jerry Coppel, employed by Department of Public Welfare, Division for Children and Youth; Paul M. Weisel, Chairman, Patient Admission and Placement Planning Committee, Southern Wisconsin Colony; John M. Garstecki, Superintendent, South Wisconsin Colony; Marvin J. Steffen, Cottage Supervisor, Southern Wisconsin Colony; Phillip E. Podruch, employed by Southern Wisconsin Colony; Arol Kern, Supervisor of Cottage 4, Southern Wisconsin Colony, Defendants-Respondents,

Edward E. HOUFEK, M.D., employed by the Juvenile Court of Sheboygan County; Eugene R. Neeff, Chief Social Worker, Southern Wisconsin Colony; Wisconsin Department of Health and Social Services; State Department of Public Instruction, Bureau for Handicapped Children, and Certain Other Unknown Defendants, Defendants.

Court of Appeals

*No. 85–1117. Submitted on briefs August 13, 1986.—Decided September 18, 1986.*

(Also reported in 395 N.W.2d 812.)

For the plaintiff-appellant, the cause was submitted on the briefs of *Patricia K. Hammel*, of Madison.

For the defendants-respondents, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Waltraud A. Arts*, assistant attorney general.

For the defendant-respondent, Raymond H. Evers, M.D., the cause was submitted on the brief of *Alexander Hopp*, of Sheboygan.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Dennis J. Kempfer appeals from an order dismissing his damage action against several state officers and employees. The action was brought under

the Federal Civil Rights Act, 42 U.S.C. sec. 1983 (1982), based on Kempfer's claim that the defendants violated his constitutional rights between 1962 and 1973 when he was institutionalized in various state mental health facilities. The issue is whether the action is barred by the statute of limitations. We conclude that it is, and we therefore affirm the order.

The facts alleged in Kempfer's complaint are not disputed. The application of a statute of limitations to the facts is a question of law which we decide independently, without deference to the trial court's decision. *Kroeger v. Kroeger*, 120 Wis.2d 48, 50, 353 N.W.2d 60, 61 (Ct. App. 1984).

Kempfer was born on July 26, 1955. In 1962, a juvenile court ruled that he was mentally deficient and required institutional care. He was committed to Southern Wisconsin Colony and Training School. Kempfer remained confined in various state institutions until the spring of 1973, when he escaped from Mendota State Hospital. He contacted an attorney who negotiated his release from the hospital. Although released from institutional care, he remained under state supervision until he turned eighteen on July 26, 1973.

Several years later, in March, 1980, a friend told Kempfer that he might have a legal cause of action against the state based on his institutionalization while a minor. He eventually consulted an attorney and started this action on April 10, 1984. The substance of Kempfer's complaint is that he was wrongfully institutionalized and denied an appropriate education and that, as a result, he suffered both physical and emotional harm for which he should be compensated.

The trial court dismissed the action on grounds that it was not commenced within the six-year limita-

tion period specified in sec. 893.93(1)(a), Stats. The court held that Kempfer's cause of action accrued on his release by the department on July 26, 1973, and that sec. 893.18(2)(b), which tolls the limitation period for "insane" persons, was inapplicable.

Kempfer argues that his cause of action did not accrue until March, 1980, when he was first advised that he might have a legal claim against the state. He also contends that the statutory limitation should have been tolled under sec. 893.18, Stats., because of his mental disability. We agree with the trial court that the cause of action accrued on July 26, 1973. Because we also conclude that the applicable limitation period is three years, not six, we need not consider the applicability of sec. 893.18.[1]

Congress has not provided a statute of limitations for 42 U.S.C. sec. 1983 actions. As a result, state statutes of limitation are applicable if they are not inconsistent with federal law. *Wilson v. Garcia*, 471 U.S.—, 85 L. Ed.2d 254, 260 (1985). In *Wilson*, the Supreme Court stated that sec. 1983 actions were properly characterized as personal injury actions for purposes of statutes of limitation. *Id.* at 266. We adopted that view in *Hanson v. Madison Service Corp.*, 125 Wis.2d 138, 141, 370 N.W.2d 586, 588 (Ct. App. 1985), where we held that "all sec. 1983 actions brought in Wisconsin [must] be brought within the three year limitation of sec. 893.54(1), Stats."

---

[1] Section 893.18, Stats., tolls the limitations period for up to five years when a person is insane or in prison. If, as we conclude, the cause accrued in July, 1973, and the applicable limitation is three years, the five-year extension afforded by sec. 893.18 would still render the action untimely.

The period of limitation begins to run when the cause of action accrues. A cause accrues when a person discovers or should have discovered his or her injury. *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975); *Hansen v. A.H. Robins, Inc.*, 113 Wis.2d 550, 560, 335 N.W.2d 578, 583 (1983). Kempfer argues, however, that a cause of action cannot accrue until the person discovers both the injury *and* the existence of a possible legal remedy. He claims that he did not know he could sue the state until a friend so advised him in March, 1980. He maintains that his cause of action did not accrue until then, basing his argument on the following statement in *Hansen*: "[A]s a practical matter a claim cannot be enforced until the claimant discovers the injury and the accompanying right of action." *Id.* at 559, 335 N.W.2d at 582. The statement undoubtedly is correct in its reference to when, as a practical matter, a right may be enforced. But this has nothing to do with when the cause of action accrues. Accrual is based on the person's knowledge that he or she has been injured. *Id.* at 560, 335 N.W.2d at 583. It is true that when the source of injury is unclear and the injured person has exercised reasonable diligence, the time of accrual may be extended until a causal connection can be established. *Borello v. U.S. Oil Co.*, 130 Wis.2d 397, 411, 388 N.W.2d 140, 146 (1986). However, neither *Hansen* nor *Borello* provide any authority for the proposition that the cause cannot accrue until the injured person is advised of his or her legal rights.

Wisconsin has adopted the discovery rule for accrual of causes of action in order to protect claimants who are diligent, yet blameless, for delays in filing claims. *Hansen*, 113 Wis.2d at 559, 335 N.W.2d at 582.

Knowledge of an injury and its cause is sufficient to start the statute of limitations running because it notifies a diligent person to protect his or her rights by making inquiry. Any other interpretation of the rule would reward claimants who negligently or purposely fail to file a timely claim.

In *United States v. Kubrick,* 444 U.S. 111, 122–23 (1979), the United States Supreme Court discussed the discovery rule in the context of the Federal Tort Claims Act, 28 U.S.C. sec. 2401(b), and concluded that a cause of action accrues when a person acquires knowledge of the injury, not when he or she acquires knowledge of the legal rights that might flow from the injury.

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask.
>
>   . . . .
>
> A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government. [Footnote omitted.] *Id.*

All of the alleged violations of Kempfer's rights occurred prior to his release from state supervision on July 26, 1973. He does not contend that he lacked knowledge of the conditions of his commitment and their effect on him at that time. Moreover, his actions in attempting to escape, contacting a lawyer to negotiate his release, and rejecting the offer of a state housing subsidy upon his release, all indicate that he had perceived the "injury" by that time. His cause of action accrued on the day he was released from state supervision on July 26, 1973. He had three years from that date to file his action. Because he failed to do so, the trial court properly dismissed the complaint.

*By the Court.*—Order affirmed.