Murray SCOTT, a minor by his Guardian ad Litem, Carl L. Ricciardi, Clifford Scott and Marrion Scott, Plaintiffs-Appellants,

v.

FIRST STATE INSURANCE COMPANY, a foreign corporation, Paul Patz, Mamie Patz, Arlene Sailer, Laverne Grosse, Harold Grosse, Clifford Patz, Howard Patz, Harold Patz, Darrell Patz, Eleanor Gusick and Roger Gusick, d/b/a Patz Company, Patz Sales Corporation, formerly a Wisconsin corporation, Patz Sales, Inc., a Wisconsin corporation, Employers Mutual Casualty Co., a foreign corporation, and Graetz, Mfg., Inc., a Wisconsin corporation, Defendants-Respondents,†

ABC INSURANCE COMPANY, a fictitious corporation, and DEF Insurance Company, a fictitious corporation, Defendants.

Court of Appeals

*No. 88-1149. Submitted on briefs January 12, 1989.—Decided June 8, 1989.*

(Also reported in 444 N.W.2d 405.)

†Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Habush, Habush & Davis, S.C.*, with *Howard A. Davis* and *Virginia M. Antoine* of counsel, of Milwaukee.

For the defendants-respondents First State Insurance Company, Paul Patz, Mamie Patz, Arlene Sailer, Laverne Grosse, Harold Grosse, Clifford Patz, Howard Patz, Harold Patz, Darrell Patz, Eleanor Gusick and Roger Gusick, d/b/a Patz Company; Patz Sales Corporation, and Patz Sales, Inc. the cause was submitted on the briefs of *Otjen & Van Ert, S.C.,* with *Mark S. Knutson* of counsel, of Milwaukee.

For the defendants-respondents Employers Mutual Casualty Co. and Graetz Mfg., Inc. the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* with *Jeffrey A. Schmeckpeper* and *Patti J. Kurth* of counsel, of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. This suit was commenced on November 6, 1987. Founded in both strict liability and negligence, it seeks to recover for injuries suffered by Murray Scott on November 8, 1981, when his foot and leg were caught in a barn cleaner alleged to have been designed and manufactured, in whole or in part, and sold by the non-insurance-company defendants, all of whom are Wisconsin residents or entities. The accident took place on the Scott family farm in Alberta, Canada, when Murray was eleven years old. The trial court applied Wisconsin's "borrowing statute," sec. 893.07, Stats., and ruled that Alberta's two-year statute of limitations barred the action. It granted the defendants summary judgment and dismissed the complaint. We reverse.

I.

Appellants raise a number of issues. First, they argue that since it is questionable whether their claims could have been maintained in the Alberta courts, those claims do not constitute a "foreign cause of action" as

289

that phrase is used in the borrowing statute and that, accordingly, the borrowing statute is not applicable. They advance two theories in support of this argument. One, they submit that none of the defendants could have been served with process in Alberta and that the question of whether an Alberta court would have permitted service outside the province is a matter that is within the court's discretion. *See* Alta. Ct. R. 30. Therefore, they argue in their brief, it "cannot be determined . . . as a matter of law" that sec. 893.07, Stats., applies. Two, they contend that Wisconsin's borrowing statute does not apply unless the foreign jurisdiction permits the specific type of relief sought, and that Alberta does not recognize a cause of action for strict liability.[1]

Appellant's second issue segues from their view that Alberta does not recognize a cause of action based on strict liability. They advance the following syllogism. Alberta's two-year statute of limitations applies to "negligence" actions, Alta. Rev. Stats., Ch. L–15, part 9, sec. 51(b), and—as phrased in their brief—strict liability "is a concept not founded on negligence." *See Greiten v. LaDow,* 70 Wis. 2d 589, 599–600, 235 N.W.2d 677, 683–684 (1975) (Heffernan, J., concurring). Therefore, they argue, the statute of limitations applicable to strict liability claims in Alberta must be the "catch-all" provision, which imposes a six-year limitation period for "any other action not . . . specifically provided for . . .."

---

[1] Appellant's contention that Alberta does not recognize a cause of action for strict liability, if correct, raises a significant conflict-of-laws issue as to whether they may assert that theory here. *See Heath v. Zellmer,* 35 Wis. 2d 578, 593–599, 151 N.W.2d 664, 670–674 (1967) (many "choice-influencing" factors govern law selection). This issue, though recognized by counsel during oral argument before the trial court, was neither raised nor briefed here.

Alta. Rev. Stats., Ch. L–15, part 1, sec. 4(1)(g). Thus, they contend, this action is timely because it was commenced within six years after Murray's accident.

Appellants' third point rests on Canada's "discovery rule" for tort actions, which provides "that a cause of action arises for purposes of a limitation period when the material facts on which it is based have been discovered or ought to have been discovered by the plaintiff by the exercise of reasonable diligence . . .." *Central Trust Co. v. Rafuse,* 31 D.L.R.4th 481, 535–536 (Can. 1986). Even though Murray suffered significant physical injuries on November 8, 1981, and even though Murray's father wrote a letter dated February 25, 1982, relating the incident and complaining, with some specificity, about the implement's construction and design, appellants contend, without citation to the record, that the "time at which plaintiff Murray Scott actually discovered or ought to have discovered the material facts upon which his claims are based has not been established in this case." Therefore, they argue, summary judgment was not appropriate.

As their fourth point, appellants argue that even if Alberta's two-year period of limitation applies, this action is timely by virtue of sec. 893.16(1), Stats., which provides that "[i]f a person entitled to bring an action is, at the time the cause of action accrues . . . under the age of 18 years . . . the action may be commenced within 2 years after the disability ceases . . .." We agree. Since this point is dispositive of the appeal, we need not address appellants' other arguments.

## II.

The facts are not disputed. Murray was injured on November 8, 1981, when he was eleven years old. He was

seventeen when this lawsuit was commenced on November 6, 1987.

## A.

■Section 893.07, Stats., subjects those who seek to recover in Wisconsin courts on a "foreign cause of action" to either "the foreign period of limitation" or "the applicable Wisconsin period of limitation," whichever is the shortest. It provides:

> (1)   If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

> (2)   If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

Sec. 893.07, Stats. The place of injury determines the applicable period of limitation. *Guertin v. Harbour Assurance Co.,* 141 Wis. 2d 622, 630–631, 415 N.W.2d 831, 834–835 (1987). Thus, we must look to Alberta law.

In Alberta, negligence actions must be commenced within two years after the cause of action arose. Alta. Rev. Stats., Ch. L–15, part 9, sec. 51. That period is tolled by Alberta law for persons "under disability at the time the cause of action arises" unless "the person under disability is a minor in the actual custody of a parent or guardian . . .." *Id.* at sec. 59. Appellants do not dispute that during the time material to this case, Murray was "in the actual custody" of his parents. Alberta's period of limitation applicable to Murray's injuries thus expired

292

on November 8, 1983, when Murray was thirteen years old.

Wisconsin's applicable period of limitation is three years. Sec. 893.54(1), Stats. Wisconsin's tolling statute is also more generous than is Alberta's and makes no distinction between minors who are, or who are not, in the custody of a parent or guardian. It reflects Wisconsin's long-standing policy to protect minors' rights against potential parental neglect of those rights. *See Korth v. American Family Ins. Co.,* 115 Wis. 2d 326, 332, 340 N.W.2d 494, 497 (1983). Assuming sec. 893.07, Stats., applies to this case, Alberta's shorter period of limitations governs.[2] Whether sec. 893.16(1), Stats., extends that two-year period is a legal question, which we independently determine. *See Guertin,* 141 Wis. 2d at 627, 415 N.W.2d at 833.

### B.

The legislature has the "power to make law," *State ex rel. Mueller v. Thompson,* 149 Wis. 488, 491, 137 N.W. 20, 22 (1912); Wis. Const. Art. IV, sec. 1; that is, the power to resolve issues of public policy. In fulfilling our judicial responsibility to interpret and apply legislative enactments, we must first ascertain, and then give effect to, the intent of legislature. *See In re P.A.K. (P.A.K. v. State),* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). We start with the language that the legislature has used to express its intent and, if that language is clear, we may not venture beyond the statute in search of

---

[2] Since sec. 893.16(1), Stats., tolls the running of both the Wisconsin and the Alberta periods of limitation, we need not decide whether sec. 893.07, Stats., applies. Rather, we assume that it does.

either ambiguity or alternative meanings. *See ibid.* On the other hand, if the statutory language "is capable of being understood by reasonably well-informed persons" in different but reasonable ways, the statute is ambiguous, and we must seek additional help to determine legislative intent. *Id.* at 878–879, 350 N.W.2d at 681–682; *K.L. v. Hinickle,* 144 Wis. 2d 102, 109, 423 N.W.2d 528, 531 (1988).

As we have seen, sec. 893.07, Stats., provides that "no action may be maintained in this state" if the shorter of either the applicable "foreign period of limitation" or the "applicable Wisconsin period of limitation" has "expired." Section 893.16(1), Stats., permits a person who is under eighteen at the time his or her cause of action accrues to file a lawsuit within two years after turning eighteen even though the applicable statute of limitations has run. Murray was eleven at the time his cause or causes of action accrued, and was seventeen when this suit was commenced. If sec. 893.16(1), Stats., applies, his suit is timely, even though he is suing on a "foreign cause of action."

Section 893.16(1), Stats., makes no distinction between foreign and domestic causes of action. It simply provides that a cause of action that accrues while a person is under a disability "may be commenced within 2 years after the disability ceases." It is a true tolling statute because it applies, with limited exceptions not material here, sec. 893.16(5), to all causes of action accruing in favor of those who are under a disability at the time of accrual. In contrast, statutes of limitation, which "find their justification in necessity and convenience rather than in logic," *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314 (1945), are cause-of-action specific; the period within which to bring an action varies with the type of

294

claim. Thus, sec. 893.16(1) is unlike, for example, the alternative period of limitation created by sec. 893.12, Stats., which is only applicable to actions where there has been a payment or settlement. Sec. 885.285(4), Stats.; *Thimm v. Automatic Sprinkler Corp.,* 148 Wis. 2d 332, 338, 434 N.W.2d 842, 844 (Ct. App. 1988). Since sec. 893.12 is a period of limitation, it is subject to the comparison required by sec. 893.07, Stats. *Id.* at 337–338, 434 N.W.2d at 844. Section 893.16(1), on the other hand, is a tolling provision and is not subject to the sec. 893.07-required comparison.

The only restraint on sec. 893.16(1)'s applicability is sec. 893.16(5), Stats., which provides, again with exceptions not material, that sec. 893.16 "applies only to statutes in this chapter limiting the time for commencement of an action . . .." Section 893.07, Stats., is clearly such a statute. It is within chapter 893 and it limits the time for commencing an action. There is nothing in secs. 893.07 or 893.16(1) that indicates—either in language, intent, or history—that they were designed to incorporate, or be subject to, foreign tolling provisions.

■■■■■■■ Statutes of limitation advance the public interest by promoting vigilance and punishing sloth in the assertion of rights. *Wood v. Carpenter,* 101 U.S. 135, 139 (1879). Persons under disability, however, are dependent upon others to assert rights for them. Section 893.16(1), Stats., reflects Wisconsin policy that a cause of action should not be barred before it may be asserted by the person in whose favor it has accrued. *See Korth,* 115 Wis. 2d at 332, 340 N.W.2d at 497. This interest overrides the policy against forum shopping underlying sec. 893.07, Stats., recognized by *Guertin,* 141 Wis. 2d at 631–632, 415 N.W.2d at 835. *See Beard v. J.I. Case Co.,* 823 F.2d 1095, 1100–1105 (7th Cir. 1987) (Section

893.07 does not require borrowing foreign period of repose that may bar claim before it arises). *Cf. Korth,* 115 Wis. 2d at 333–334, 340 N.W.2d at 497 (tolling statute applicable to minor overrides statute of limitations applicable to parents' derivative claim). Thus, the appropriate period of limitations selected *via* sec. 893.07 is subject to being tolled by sec. 893.16(1). In sum, sec. 893.16(1) applies whether the pertinent period of limitation is imported, sec. 893.07(1), or domestic, sec. 893.07(2).

Although the result we reach is not only required by clear statutory language but is also consistent with the policy considerations that underlie that language, defendants urge us to ignore sec. 893.16(1), Stats., and, instead, mechanically impose Alberta's tolling provision. Of the many out-of-state cases they cite in support of that request, however, only two, *Moore v. Roschen,* 93 F. Supp. 993 (S.D.N.Y. 1950), and *Makarow v. Volkswagon of America, Inc.,* 403 N.W.2d 563 (Mich. Ct. App. 1987), are even arguably on point.[3]

---

[3] The other cases cited do not concern the application to a foreign cause of action a forum's statute extending the time to sue until after the cessation of a disability. See *Speight v. Miller,* 437 F.2d 781 (7th Cir.), *cert. denied,* 404 U.S. 827 (1971); *Conner v. Spencer,* 304 F.2d 485 (9th Cir. 1962); *Lehtonen v. E.I. DuPont DeNemours & Co.,* 389 F. Supp. 633 (D. Mont. 1975); *Decker v. Fox River Tractor Co.,* 309 F. Supp. 648 (E.D. Wis. 1970); *Wamboldt v. Mannion,* 281 F. Supp. 774 (S.D.N.Y. 1968); *Fullmer v. Sloan's Sporting Goods Co.,* 277 F. Supp. 995 (S.D.N.Y. 1967); *Wilt v. Smack,* 147 F. Supp. 700 (E.D. Pa. 1957); *Colello v. Sundquist,* 137 F. Supp. 649 (S.D.N.Y. 1955); *Mangene v. Diamond,* 132 F. Supp. 27 (E.D. Pa. 1955) *aff'd,* 229 F.2d 554 (3d Cir. 1956); *Karagiannis v. Shaffer,* 96 F. Supp. 211 (W.D. Pa. 1951); *McGrath v. Helena Rubinstein, Inc.,* 29 F. Supp. 822 (S.D.N.Y. 1939); *Martin v. Julius Dierck Equip. Co.,* 374 N.E.2d 97 (N.Y. 1978); *Cellura v. Cellura,* 263 N.Y.S.2d 843 (N.Y. App. Div.

*Makarow* analyzed Michigan's borrowing statute, Mich. Comp. Laws, sec. 600.5861, which imposes the shorter of either the foreign or Michigan's period of limitation if the suit is brought by a nonresident. *Makarow,* 403 N.W.2d at 565. The Michigan limitations period, however, governs lawsuits by Michigan residents. Mich. Comp. Laws, sec. 600.5861. In determining which period of limitation was shorter, *Makarow* compared the foreign and domestic statutes of limitations in conjunction with each state's tolling provision; if the lawsuit was untimely under either set, the action was barred. *Makarow,* 403 N.W.2d at 567–568.

There is, however, little consistency in Michigan's approach. Fourteen years before *Makarow,* Michigan applied its tolling law, rather than the foreign tolling provision, to a foreign period of limitation so as to save a resident-minor's lawsuit even though the borrowing statute did not favor residents at the time. *DeVito v. Blenc,* 209 N.W.2d 728, 730–731 and 730 n. 4 (Mich. Ct. App. 1973). *Makarow* limited *DeVito* to its specific facts. In fact, *Makarow*'s sole analysis of why *DeVito* was not followed is expressed in the following sentence: "In *DeVito,* this Court allowed a *Michigan* resident to take advantage of Michigan's tolling provisions; it is therefore inapplicable to the instant case." *Makarow,* 403 N.W.2d at 567 (emphasis in original).

*Moore* held that, under New York's borrowing statute, New York's tolling of limitations for the period of a plaintiff's infancy was not available to nonresidents whose cause of action arose outside of New York. *Moore,* 93 F. Supp. at 993–994. Significantly, Wisconsin's borrowing statute, sec. 893.07, Stats.,—unlike the ones in

---

1965); *Garford Trucking Co. v. Popp,* 118 N.Y.S.2d 158 (N.Y. Sup. Ct. 1952); *Duke v. Housen,* 589 P.2d 334 (Wyo.), *cert. denied,* 444 U.S. 863 (1979).

*Moore, Makarow,* and some others—currently makes no distinction between residents and nonresidents, although it used to. *See* sec. 893.205(1), Stats., (1977). Indeed, as was recently pointed out, Wisconsin apparently has some solicitude for nonresident plaintiffs. *See Beard,* 823 F.2d at 1104.

Since sec. 893.16(1), Stats., applies to actions governed by sec. 893.07, Stats., this lawsuit could have been filed until two years after Murray's eighteenth birthday and is thus timely for Murray's claims. It is also timely for the claims of his parents. *See Korth,* 115 Wis. 2d at 333–334, 340 N.W.2d at 497.

*By the Court.*—Judgment reversed.