Murray SCOTT, a minor by his Guardian ad Litem, Carl L. Ricciardi, Clifford Scott and Marrion Scott, Plaintiffs-Appellants,

v.

FIRST STATE INSURANCE COMPANY, a foreign corporation, Paul Patz, Mamie Patz, Arlene Sailer, Laverne Grosse, Harold Grosse, Clifford Patz, Howard Patz, Harold Patz, Darrell Patz, Eleanor Gusick and Roger Gusick, d/b/a Patz Company, Patz Sales Corporation, formerly a Wisconsin corporation, Patz Sales, Inc., a Wisconsin corporation, Employers Mutual Casualty Co., a foreign corporation, and Graetz Mfg., Inc., a Wisconsin corporation, Defendants-Respondents-Petitioners,

ABC INSURANCE COMPANY, a fictitious corporation, and DEF Insurance Company, a fictitious corporation, Defendants.

Supreme Court

*No. 88-1149. Argued March 28, 1990.—Decided June 13, 1990.*

(Also reported in 456 N.W.2d 152.)

608

For the defendants-respondents-petitioners, Employers Mutual and Graetz Mfg., there were briefs by *Jeffrey A. Schmeckpeper, Patti J. Kurth* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee and oral argument by *Ms. Kurth.*

For the defendants-respondents-petitioners, First State Insurance Company, Paul Patz, Mamie Patz, Arlene Sailer, Laverne Grosse, Harold Grosse, Clifford Patz, Howard Patz, Harold Patz, Darrell Patz, Eleanor Gusick and Roger Gusick d/b/a Patz Company, Patz Sales Corporation and Patz Sales, Inc., there were briefs by *Donald M. Lieb, Mark S. Knutson,* and *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.,* Milwaukee and oral argument by *Donald M. Lieb.*

For the plaintiffs-appellants there were briefs by *Howard A. Davis, Virginia M. Antoine,* and *Habush, Habush & Davis, S.C.,* Milwaukee and oral argument by *Howard A. Davis.*

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *Scott v. First State Insurance Co.,* 151 Wis. 2d 286, 444 N.W.2d 405 (Ct. App. 1989), which reversed a summary judgment granted by the circuit court for Milwaukee county, Michael D. Guolee, Circuit Judge. The judgment of the circuit court dismissed the plaintiffs' claims for damages for personal injuries sustained when the minor plaintiff was injured in Alberta, Canada, because the action was brought after Alberta's two-year period of limitation had expired. The court of appeals reversed the judgment, concluding that the Alberta period of limitation was tolled under sec. 893.16(1), the Wisconsin toll-

ing statute for persons under disability. We affirm the decision of the court of appeals.

The issue is whether sec. 893.07(1), Stats. 1987–88, "borrows" Alberta's period of limitation and bars this action or whether sec. 893.16(1), Stats. 1987–88, applies to this action and renders its commencement timely.[1] Section 893.07(1) provides that no foreign cause of action may be maintained in Wisconsin if the foreign period of limitation has expired. Section 893.16(1) provides that if a person entitled to bring an action is under the age of 18 when the cause of action accrues, the action may be commenced within two years after the person reaches the age of majority.

We hold, as did the court of appeals, that sec. 893.16(1), Stats. 1987–88, extends the Alberta period of limitation borrowed under sec. 893.07(1) to two years after the minor plaintiff achieves the age of 18. Because the plaintiffs brought this action within the time limit set forth in sec. 893.16(1), we affirm the decision of the court of appeals reversing the summary judgment of the circuit court.

For purposes of this review the facts alleged in the complaint are undisputed. On November 8, 1981, 11-year-old Murray Scott (born July 24, 1970) caught his foot and leg in a barn cleaner while working on his fam-

---

[1]The plaintiffs assert that this is not a foreign cause of action under sec. 893.07(1) because they could not have maintained their action in Alberta. The plaintiffs contend that Alberta could not exercise personal jurisdiction over one or more defendants and that Alberta law does not recognize a claim for strict products liability. Therefore, argue the plaintiffs, this is not a foreign cause of action under sec. 893.07 and the circuit court should apply Wisconsin's statute of limitation and tolling provisions and decline to borrow Alberta law. We need not and do not decide these issues.

ily's farm in Alberta, Canada. The defendants were involved in the design, manufacture or sale of the barn cleaner or were insurers for a defendant involved in the design, manufacture or sale of the barn cleaner. The individual defendants are Wisconsin residents; the entity defendants are Wisconsin corporations or foreign corporations licensed or accepted to do business in Wisconsin.

On November 6, 1987, approximately six years after the incident and when the minor plaintiff was 17 years of age, the minor, by his guardian ad litem, and the minor's parents commenced their actions against the defendants in Wisconsin.

The defendants urge this court to affirm dismissal of the complaint on the ground that sec. 893.07(1), Stats. 1987–88, adopts Alberta's two-year period of limitation, along with Alberta's tolling provision, and that this period of limitation had expired when this action was commenced. The plaintiffs contend that their action was filed on time under secs. 893.07 and 893.16, Stats. 1987–88.

At the outset we note that the parties dispute the interpretation of secs. 893.07(1) and 893.16. The cardinal rule in all statutory interpretation, as this court has often said, is to discern the intent of the legislature. The court will ascertain that intent by examining the language of the statute as well as its scope, history, context, subject matter and purpose.

Section 893.07(1) provides as follow:

> (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.

The Wisconsin legislature has made a choice of law determination in sec. 893.07 for foreign causes of action. The foreign period of limitation is controlling for foreign causes of action unless the applicable Wisconsin period of limitation has expired, in which case the action is barred. See sec. 893.07(1), (2), Stats. 1987-88.[2]

This court has held that the phrase "foreign cause of action" in sec. 893.07 is synonymous with the phrase "action for injuries to the person received without this state," *Guertin v. Harbour Assur. Co.,* 141 Wis. 2d 622, 415 N.W.2d 831 (1986). Adhering to *Guertin,* we conclude that because Alberta is the place where the plaintiffs were injured, the Alberta period of limitation is the applicable foreign period of limitation in this case under sec. 893.07(1).

Once the court determines which foreign period of limitation is applicable under sec. 893.07(1), the focus then becomes whether that period has expired. The defendants contend that if the plain language of sec. 893.07(1) is applied, the plaintiffs' claims must be dismissed because Alberta's period of limitation had expired by the time the plaintiffs commenced this action. Negligence actions must be commenced in Alberta within two years after the cause of action arose. Chapter L-15, Part 9, sec. 51, Alta. Rev. Stat. (1980).[3]

---

[2]Section 893.07(2), Stats. 1987-88, provides:

(2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

Wisconsin's applicable statute of limitation for this type of action is three years. Section 893.54(1), Stats. 1987-88.

[3]Chapter L-15, Part 9, sec. 51, Alta. Rev. Stat. (1980) provides:

Alberta also has a statute tolling the period of limitation during a period of disability, but the tolling provision does not apply to a minor in the actual custody of a parent.[4] The parties agree that at all times pertinent to this action, the minor plaintiff was in the actual custody of his parents. The Alberta tolling provision would therefore not extend the two-year time period within which these plaintiffs could bring this action.

Upon examination of chapter 893, however, we conclude that the circuit court must also consider the effect of sec. 893.16(1) in deciding under sec. 893.07(1) whether the foreign period of limitation has expired. In Wisconsin, the legislature has adopted a policy of tolling the statute of limitation during the period of minority. Section 893.16(1), Stats. 1987–88, provides:

> (1) If a person entitled to bring an action is, at the time the cause of action accrues, . . . under the age of 18 years . . . the action may be commenced within 2 years after the disability ceases . . ..

Except as otherwise provided in this Part, an action for . . .

 (b) trespass to the person, assault, battery, wounding or other injury to the person, whether arising from an unlawful act or from negligence or from breach of a statutory duty . . .

may be commenced within 2 years after the cause of action arose, and not afterwards.

[4]Chapter L–15, Part 9, sec. 59, Alta. Rev. Stat. (1980) provides, in part:

 (1) When a person entitled to bring an action to which this Part applies is under disability at the time the cause of action arises, he may commence the action at any time within 2 years from the date he ceases to be under disability.

 (2) Subsection (1) does not apply

 (a) if the person under disability is a minor in the actual custody of a parent . . ..

█ The purpose of tolling the statute of limitation when the plaintiff is a minor is to ensure that a minor's rights are not lost because a parent or guardian neglected to protect the minor by bringing a timely action. Consequently, the time period for initiating an action is extended in Wisconsin to allow the minor to enforce his or her rights upon reaching the age of majority. *Korth v. American Family Insurance Co.,* 115 Wis. 2d 326, 332, 340 N.W.2d 494 (1983).[5]

The defendants contend that sec. 893.16(1) applies only to a Wisconsin cause of action, not to "foreign cause of action" under sec. 893.07(1). The text of the statutes does not support the defendants' contention. Section 893.16(1) makes no distinction between a domestic and foreign cause of action; it expressly states that the tolling provisions apply to a person entitled to bring an action who is a minor when the cause of action accrued.

The minor plaintiff in this action is a person entitled to bring an action and was a minor when his cause of action accrued. Thus the minor plaintiff in this case fits within the language of sec. 893.16(1). Nothing in sec. 893.16(1) renders the tolling provisions inapplicable to sec. 893.07(1) or to a foreign jurisdiction's statute of limitations incorporated in the law of Wisconsin through 893.07(1). On its face sec. 893.16(1) applies to all causes of action accruing in favor of a party under the age of eighteen at the time the action accrues.

The defendants further assert that sec. 893.16(5) makes sec. 893.16(1) applicable only to statutes in chapter 893 limiting the time for commencement of an action and that the Alberta statute of limitation is not a statute in chapter 893. The defendants therefore conclude that

---

[5]The actions of the minor's parents are also timely. *Korth, supra,* 115 Wis. 2d at 333-34.

the Wisconsin tolling provision does not apply to this case. Section 893.16(5) provides:

> (5) This section applies *only to statutes in this chapter limiting the time for commencement of an action* or assertion of a defense or counterclaim except it does not apply to:
> (a) Actions for the recovery of a penalty . . .
> (b) Extend the time limited by s. 893.33, 893.41, 893.59, 893.62, 893.73 to 893.76, 893.77(3), 893.86 or 893.91 . . .
> (c) A cause of action which accrues prior to July 1, 1980. (Emphasis added.)

Contrary to the assertions of the defendants, we read sec. 893.16(5) as expressly making sec. 893.16 applicable to sec. 893.07(1). Section 893.07(1) expressly permits the adoption of the Alberta period of limitation as the statute of limitation applicable in Wisconsin. Thus through the operation of sec. 893.07(1) the Alberta period of limitation becomes a statute in chapter 893 limiting the time for commencement of an action. The Alberta period of limitation meets the requirements of sec. 893.16(5). The language of sec. 893.16 persuades us that sec. 893.16(1) applies in this case.

The defendants urge us to follow the "majority rule" adopted by many states that have borrowing statutes: when the forum state borrows the period of limitation of the foreign jurisdiction, it borrows the tolling provisions of the foreign jurisdiction; it does not use its own tolling provisions. We do not find cases from other jurisdictions persuasive.[6] While many states have enacted borrowing

---

[6]The defendants cite several cases holding that the forum state borrows the tolling provisions, as well as the period of limitation, from the foreign state. The cases include: *Graham v. Ferguson,* 593 F.2d 764 (6th Cir. 1979); *Conner v. Spencer,* 304 F.2d 485 (9th Cir. 1962); *American Surety Co. v. Gainfort,* 219 F.2d

statutes, the various borrowing statutes are dissimilar.[7] We agree with the commentators, therefore, that cases interpreting other state statutes with disparate provisions have little relevance when interpreting the Wisconsin borrowing statute. R. Leflar, L.L. McDougal, R.L. Felix, *American Conflicts Law* sec. 128, at p. 353 (4th ed. 1986).

111 (2d Cir. 1955); *In re Agent Orange Product Liability Litigation,* 597 F. Supp. 740 (E.D.N.Y. 1984); *Hollins v. Yellow Freight Systems, Inc.,* 590 F. Supp. 1023 (N.D. Ill. 1984); *Buettgen v. Volkswagen A.G.,* 505 F. Supp. 84 (W.D. Mich. 1980); *Moor v. Roschen,* 93 F. Supp 993 (S.D.N.Y. 1950); *Antone v. General Motors Corp.,* 484 N.Y.S.2d 514, 473 N.E.2d 742, 64 N.Y.2d 20 (1984); *Makarow v. Volkswagen of America, Inc.,* 157 Mich. App. 401, 403 N.W.2d 563 (1987).

[7]R. Leflar, L.L. McDougal, R.L. Felix, *American Conflicts Law* sec. 128, at p. 353 (4th ed. 1986); E. Rabel, 3 *A Conflict of Laws* p. 521 (2d ed. 1964); Endreson, *Wisconsin's Borrowing Statute: Did We Shortchange Ourselves?,* 70 Marq. L. Rev. 120, 125 (1986); Restatement of the Law (Second), Conflict of Laws 2d, revisions adopted May 1988, sec. 142, Comment b at pp. 124-25; Reporter's Note at pp. 130-31.

A few states, not Wisconsin, adopted the 1957 Uniform Law providing that the "period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever first bars the claim." Uniform Statute of Limitations on Foreign Claims Act sec. 2 (1957). The National Conference of Commissioners withdrew its approval of the Uniform Law in 1978.

Other states apply different rules for selecting the period of limitation depending on the residence of the parties.

For other approaches to choice of law for the period of limitation, see 58-60 Uniform Conflict of Laws—Limitations Act, 12 U.L.A. 58-60 (Supp. 1990); sec. 142, 1 Restatement of the Law (Second), Conflict of Laws 2d, Revisions adopted May 1988.

Finally, the defendants contend that our interpretation of secs. 893.07(1) and 893.16 conflicts with *Thimm v. Automatic Sprinkler Corp.*, 148 Wis. 2d 332, 434 N.W.2d 842 (Ct. App. 1988). In that case, approximately ten months after Thimm suffered injuries in an accident in Illinois, Thimm entered into a written settlement agreement with the defendant's insurance company for property damage. Nearly two years after the property settlement and more than two years after the injury, Thimm commenced a personal injury action in Wisconsin against the tortfeasor and the insurance company. The defendants moved to dismiss the complaint, arguing that under sec. 893.07(1) the claim was brought beyond the two-year Illinois period of limitation. The court of appeals applied sec. 893.07(1) and affirmed the circuit court's dismissal of the complaint.

The court of appeals rejected Thimm's argument that sec. 893.12, Stats. 1987–88, extends the two-year Illinois period of limitation applicable under sec. 893.07(1). Section 893.12, Stats., provides:

> The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.[8]

---

[8]Section 885.285, Stats., provides, in part:

(1) No admission of liability shall be inferred from the following:

(a) A settlement with or any payment made to an injured person, or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person . . ..

Thimm argued that sec. 893.12 interacts with sec. 893.07(1) to extend the Illinois period of limitation to three years from the date of the property settlement. In rejecting Thimm's claim, the court of appeals observed, correctly we conclude, that sec. 893.12 is in essence a statute of limitation. Although sometimes referred to as a statute that extends a statute of limitation, sec. 893.12 establishes a separate statute of limitation when there has been a settlement and advance payment of a claim of damages. The court of appeals in *Thimm* concluded that because sec. 893.12 is a statute of limitation, it does not operate to extend the foreign period of limitation applicable to foreign causes of action under sec. 893.07(1).

The *Thimm* decision is not dispositive of this case. *Thimm* involved the application of a Wisconsin statute of limitation to a foreign cause of action after the foreign period of limitation expired. In this case we are asked to apply a Wisconsin tolling statute, not a statute of limitation, to a foreign cause of action when the foreign period of limitation would otherwise have expired. While the "borrowed" foreign statute determines the applicable period of limitation, we look to the Wisconsin tolling law to determine if that period has expired.

Our interpretation of the statutes is consistent with the public policy considerations underlying secs. 893.07(1) and 893.16. Section 893.07(1) is designed to prevent a tardy plaintiff from shopping for a forum with a more lenient period of limitation. Section 893.16 grants minors an extended period in which to bring an action to ensure that the minor does not lose rights because a guardian neglected to protect the minor's interest by bringing an action on the minor's behalf soon after the action accrued. We have interpreted the two statutes together to achieve the balance the legislature intended between preventing forum shopping, granting a

minor plaintiff a reasonable time to sue, and protecting an alleged wrongdoer and the Wisconsin courts against the prosecution of stale claims.

Our interpretation of sec. 893.07(1) and sec. 893.16 is easy to apply. It provides a bright-line rule which obviates uncertainty in assessing the timeliness of the action. *Guertin, supra,* 141 Wis. 2d at 631–32.

For the foregoing reasons, we conclude that sec. 893.07(1) requires use of Alberta's period of limitation. The applicable foreign period of limitation is then tolled according to the provisions of sec. 893.16.

For the reasons set forth we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

Justice Donald W. Steinmetz took no part.