Jane HEMBERGER, Plaintiff-Respondent,

v.

Jo Ann BITZER, Alice Ruhland, and Al Bennin,
Defendants-Appellants,

Ed RINGGENBERG, Kathy Plehn and Douglas Maxwell,
Defendants.

Supreme Court

*No. 96–2973. Oral argument December 3, 1997.——Decided
March 13, 1998.*

(Also reported in 574 N.W.2d 656.)

For the defendants-appellants there were briefs by *Michael J. Modl* and *Axley Brynelson*, Madison and oral argument by *Michael J. Modl*.

For the plaintiff-respondent there was a brief by *Robert J. Gingras, Paul A. Kinne* and *Gingras & Cates, S.C.*, Madison and oral argument by *Steven J. Schooler* of *Lawton & Cates, S.C.*, Madison.

¶ 1. WILLIAM A. BABLITCH, J. The narrow question presented on appeal is whether 42 U.S.C. § 1983 claims brought in Wisconsin are governed by a three- or six-year statute of limitations. The plaintiff, Jane Hemberger, claimed that the defendants violated her rights to free speech when they allegedly retaliated against her by terminating her employment. She brought this action approximately four years after the termination. Because Wis. Stat. § 893.53 (1991–92),[1]

---

[1] All references to Wisconsin Statutes are to the 1991–92 version unless otherwise noted.

providing a six-year statute of limitations, is Wisconsin's residual personal injury statute of limitations, we conclude that Hemberger's action was timely filed. Accordingly, we affirm.

¶ 2.  The facts relevant to this appeal are not in dispute. Jane Hemberger was terminated from her employment on May 23, 1989. More than four years later, on August 26, 1993, she commenced this action. Hemberger alleged that her termination by her former employer, Fitch-Rona Emergency Medical Service District, through the actions of people associated with her employer, violated her free speech rights protected by the First Amendment of the United States Constitution and secured by 42 U.S.C. § 1983 (reprinted below).[2] The circuit court denied the defendants' motion to dismiss pursuant to Wis. Stat. § 802.06(2), determining that the six-year statute of limitations of Wis. Stat. § 893.53 applies to actions brought under § 1983 and therefore, the plaintiff's § 1983 action was not time barred. The action proceeded to trial, and the jury found for the plaintiff against three of six defendants: JoAnn Bitzer, Alice Ruhland, and Al Bennin. The defendants timely appealed the entry of judgment against them, raising on appeal the issue of whether the plaintiff's § 1983 claims are time-barred. The court of appeals certified the case to this court pursuant to Wis. Stat. § (Rule) 809.61 to decide the appropriate

---

[2] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

statute of limitations in Wisconsin for claims under § 1983.

■

¶ 3.    The appropriate Wisconsin statute of limitations to apply to claims brought under 42 U.S.C. § 1983, in accord with the standard set forth in *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), is a question of statutory construction which this court reviews de novo. *See Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148 (1996).

¶ 4.    The defendants rely on the language of Wis. Stat. §§ 893.53 and 893.54, legislative history, and two Wisconsin Court of Appeals cases to assert that § 893.54 (reprinted below),[3] the three-year statute, is the applicable statute of limitations for actions brought under 42 U.S.C. § 1983. *See Hanson v. Madison Service Corp.*, 125 Wis. 2d 138, 370 N.W.2d 586 (Ct. App. 1985); *Kempfer v. Evers*, 133 Wis. 2d 415, 395 N.W.2d 812 (Ct. App. 1986). The plaintiff, relying on statutory language and case law, asserts that § 893.53 (reprinted below),[4] the six-year statute, is the applicable statute of limitations for actions brought under § 1983. *See Gray v. Lacke*, 885 F.2d 399 (7th Cir. 1989).

---

[3] **Wis. Stat. § 893.54 "Injury to the person.** The following actions shall be commenced within 3 years or be barred: **(1)** An action to recover damages for injuries to the person. **(2)** An action brought to recover damages for death caused by the wrongful act, neglect or default of another."

[4] **Wis. Stat. § 893.53 "Action for injury to character or other rights.** An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred."

¶.5. Although this court has not previously addressed the specific issue presented by this case, the United States Supreme Court has given guidelines, and the Court of Appeals for the Seventh Circuit and the Wisconsin Court of Appeals have spoken on the issue. We first provide a chronology of cases which have addressed the issue of which state statute of limitations applies to actions brought under 42 U.S.C. § 1983.

¶ 6. In April 1985, in *Wilson v. Garcia*, 471 U.S. 261 (1985), the United States Supreme Court recognized that its previous holdings, which required courts to apply the state statute of limitations most analogous to the underlying 42 U.S.C. § 1983 claim, had resulted in confusion, inconsistency, and time-consuming litigation. *See* 471 U.S. at 272–73. (Annot., 45 A.L.R.Fed. 548, 554 (1979) provides a comprehensive annotation of cases that have resulted in "uncertainty, confusion, and lack of uniformity in selecting the applicable statute of limitations in § 1983 suits." *Id.* at 272 n.25.) Because the Court determined that a simple, broad characterization of § 1983 claims best fits that statute's remedial purpose, the Court held that the most appropriate state statute of limitations applicable to § 1983 claims is the statute governing personal injuries. *See id.* at 272, 280.

¶ 7. Within weeks of the *Wilson* decision, the Wisconsin Court of Appeals concluded that Wis. Stat. § 893.54, providing a three-year statute of limitations for "injuries to the person," applied to claims brought under 42 U.S.C. § 1983. *See Hanson*, 125 Wis. 2d at 141. Later, the court of appeals followed the holdings of *Wilson* and *Hanson* without discussion and again concluded that actions brought under § 1983 must be

513

brought within the three-year statute of limitations according to § 893.54. *See Kempfer*, 133 Wis. 2d at 418.

¶ 8. In 1989, the United State Supreme Court again faced the question of the appropriate statute of limitations for claims brought under 42 U.S.C. § 1983 in *Owens v. Okure*, 488 U.S. 235 (1989). The Court acknowledged that although *Wilson* supplied a clear answer in states with only one statute of limitations for all personal injury claims, confusion remained in states with one or more statutes of limitations for enumerated intentional torts and a residual statute for all other personal injuries. *See Owens*, 488 U.S. at 236, 241. The Court held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50 (footnotes omitted). The United States Supreme Court believed that the state's general or residual personal injury statute of limitations would be easily identifiable by its language and application. *See id.* at 247.

¶ 9. Since *Owens* no Wisconsin appellate court has published an opinion addressing the specific question of which Wisconsin personal injury statute of limitations applies to claims brought under 42 U.S.C. § 1983. The Court of Appeals for the Seventh Circuit, however, relied on *Owens* to determine that Wis. Stat. § 893.53, which provides a six-year statute of limitations for "action[s] to recover damages for an injury to the character or rights of another . . .," is Wisconsin's general or residual statute of limitations for personal injury actions. *See Gray*, 885 F.2d at 407–409. The court relied on three factors to support its conclusion that the appropriate statute of limitations for § 1983 claims is six years under § 893.53. First, in a case for

intentional interference with contractual relations the Wisconsin Court of Appeals interpreted Wis. Stat. § 893.19(5) (1977), the predecessor to § 893.53, as the residual or general personal injury statute of limitations. *See id.* at 408 (referring to *Segall v. Hurwitz*, 114 Wis. 2d 471, 339 N.W.2d 333 (Ct. App. 1983)). The language of § 893.53 is virtually the same as the language of its predecessor, § 893.19(5).

¶ 10.   Second, the language of Wis. Stat. § 893.53, the statute of limitations for "injury to the character or rights of another" except as otherwise provided, is a much broader statute than Wis. Stat. § 893.54. *See Gray*, 885 F.2d at 408. "The broad language of the personal rights statute of limitations is also consistent with the purpose of § 1983, which is to provide a remedy for a 'wide spectrum of claims' that include more than just bodily injury." *Id.* (citing *Owens*, 488 U.S. at 249).

¶ 11.   Finally, the court in *Gray* acknowledged that Wisconsin federal district courts have, since *Wilson*, determined that Wis. Stat. § 893.53 was the appropriate personal rights statute of limitations. *See Gray*, 885 F.2d at 408 (referring to *Saldivar v. Cadena*, 622 F. Supp. 949, 955 (W.D. Wis. 1985); *Jordi v. Sauk Prairie School Bd.*, 651 F. Supp. 1566, 1573 (W.D. Wis. 1987); *Thompson v. County of Rock*, 648 F. Supp. 861, 866 (W.D. Wis. 1986)). The court in *Gray* also noted that the Wisconsin Court of Appeals earlier determined that the appropriate statute of limitations was three years under Wis. Stat. § 893.54. However, the court recognized that *Hanson* was decided before *Owens* and the *Hanson* court, therefore, did not have the benefit of the *Owens* analysis. *See Gray*, 885 F.2d at 409.

¶ 12.  With this case law as a backdrop we now turn to the issue before us. The issue is resolved by answering two questions. First, is Wis. Stat. § 893.53, the six-year statute of limitations, a general or residual statute? If so, does it apply to personal injury actions? If the answer to both questions is "yes," we are then constrained by *Owens* to find that the six-year statute of limitations is controlling for a cause of action under 42 U.S.C. § 1983.

¶ 13.  The answer to the first question is easily decided from the language of the statute. The language of Wis. Stat. § 893.53 makes it clear that the statute is residual. It applies "except where a different period is expressly prescribed." Wis. Stat. § 893.53.[5] As noted in *Gray*, § 893.53 is a much broader statute than Wis. Stat. § 893.54 which only applies to "action[s] to recover damages for injury to the person" and "action[s] brought to recover damages for death caused by the wrongful act, neglect or default of another." Wis. Stat. § 893.54.

¶ 14.  Wisconsin courts have also interpreted Wis. Stat. § 893.53 as Wisconsin's residual statute of limitations, applying it when no other statute of limitations applies. *See, e.g., Segall*, 114 Wis. 2d at 487; *Acharya v. Carroll* 152 Wis. 2d 330, 337, 448 N.W.2d 275 (Ct. App. 1989); *Milwaukee Partners v. Collins Engineers*, 169 Wis. 2d 355, 364, 485 N.W.2d 274 (Ct. App. 1992). Accordingly, we conclude that § 893.53 is a general or residual statute of limitations.

---

[5] The language of Wis. Stat. § 893.53 is similar to statutory language of other states cited in *Owens v. Okure*, 488 U.S. 235, 246 n.9 (1989) as general statutes of limitations. For example, Ala. Code § 6–2–38(1) (Supp. 1988) applies to "any injury to the person or rights of another not arising from contract and not specifically enumerated." *Owens*, 488 U.S. at 246 n.9.

¶ 15. We now turn to the second question: whether Wis. Stat. § 893.53, the six-year statute of limitations regarding "injur[ies] to the character or rights of another," pertains to "personal injuries" as the term is used by the *Owens* Court. The goal of statutory construction is to discern the legislature's intent. *See Hughes*, 197 Wis. 2d at 978 (citing *Scott v. First State Ins. Co.*, 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990)). Although we must first look to the plain language of the statute to discern legislative intent, *see Hughes*, 197 Wis. 2d at 978, the language of § 893.53 does not indicate whether injuries to the "character or rights of another" includes personal injuries.

¶ 16. If the plain language of the statute is ambiguous we may turn to the statute's scope, history, context, subject matter, and purpose. *See Hughes*, 197 Wis. 2d at 978. Before 1957 the provisions of Wis. Stat. §§ 893.53 and 893.54 were combined in one statute, Wis. Stat. § 330.19(5) (1955), providing a six-year statute of limitations. Chapter 435, Laws of 1957, divided the statute in two sections. The legislation amended § 330.19(5) to provide a six-year statute of limitations for "action[s] to recover damages for an injury to property, real or personal, or for an injury to the character or rights of another, not arising on contract, except in a case where a different period is expressly prescribed." Wis. Stat. § 330.19(5) (1957). The 1957 legislation also created Wis. Stat. § 330.205 to provide a three-year statute of limitations for an "action to recover damages for injuries to the person." Wis. Stat. § 330.205 (1957). Sections 330.19(5) and 330.205 (1957) were later renumbered as §§ 893.53 and 893.54 respectively. *See* ch. 66, § 2, Laws of 1965.

¶ 17.  Defendants argue that this legislative history shows that Wis. Stat. § 893.53 is not a statute that applies to personal injuries because the 1957 legislation removed all references to personal injury from Wis. Stat. § 330.19(5) (now § 893.53) and created Wis. Stat. § 330.205 (now Wis. Stat. § 893.54) applicable to personal injuries. This assertion assumes that "personal injury" as used in *Owens* refers only to "bodily injury." We do not agree with that assumption.

¶ 18.  "Considerable authority exists for the proposition that a 'personal injury' encompasses not only physical injuries but also any affront to the body, reputation, liberty, or sense of enjoyment of persons." *Eau Claire County v. Employers Ins.*, 146 Wis. 2d 101, 113, 430 N.W.2d 579 (Ct. App. 1988). Injuries to the character or rights of another, those covered by the statute of limitations of Wis. Stat. § 893.53, are also personal injuries, albeit not bodily injuries. Accordingly we conclude that § 893.53 covers "personal injury actions" as the phrase is used in *Owens*.

¶ 19.  Defendants also argue that the court of appeals' holdings in *Hanson* and *Kempfer* should control in this case. We disagree. As noted by the Court of Appeals for the Seventh Circuit in *Gray*, the Wisconsin Court of Appeals decided both *Hanson* and *Kempfer* without the benefit of the analysis in *Owens. See Gray*, 885 F.2d at 409. Even if the holdings of *Hanson* and *Kempfer*, applying the three-year statute of limitations of Wis. Stat. § 893.54 to claims brought under 42 U.S.C. § 1983, were appropriate following *Wilson*, the holding of *Owens* provides a more clear direction when, as in Wisconsin, there are several statutes of limitation for personal injury actions and one residual or general statute of limitations.

¶ 20.  In sum, we hold that Wis. Stat. § 893.53, providing a six-year statute of limitations, is Wisconsin's general and residual personal injury statute of limitations. Therefore, it is applicable to claims brought under 42 U.S.C. § 1983. Accordingly, *Hanson* is overruled and to the extent that *Kempfer* relied on *Hanson*, it too is overruled. Therefore, we conclude that Hemberger's action was timely filed.

¶ 21.  The court of appeals also certified a second question to this court: whether the court of appeals may overrule or modify a previously published decision of this court when the parties dispute whether the decision should or must be overruled or modified in light of later federal law. We conclude that this question was appropriately answered by our holding in *In re Marriage of Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997). Only the supreme court, and not the court of appeals, "has the power to overrule, modify or withdraw language from a published opinion of the court of appeals." *Id.*

> The court of appeals, however, is not powerless if it concludes that a prior decision of the court of appeals or the supreme court is erroneous. It may signal its disfavor to litigants, lawyers and this court by certifying the appeal to this court, explaining that it believes a prior case was wrongly decided. Alternatively, the court of appeals may decide the appeal, adhering to a prior case but stating its belief that the prior case was wrongly decided.

*Id.* at 190 (footnote omitted).

*By the Court.*—The order of the circuit court is affirmed.