Dean A. HANSON, Plaintiff-Appellant,

v.

MADISON SERVICE CORPORATION, a Wisconsin corporation,
Defendant-Respondent.

Court of Appeals

No. 83–2253. Submitted on briefs May 3, 1985.—
Decided May 28, 1985.
(Also reported in 370 N.W.2d 586.)

For the plaintiff-appellant the cause was submitted on
the briefs of *Terence S. Hawkins* and *Fox Law Offices,
S.C.* of Madison.

For the defendant-respondent the cause was submitted
on the brief of *James C. Herrick* and *Stuart S. Mukamal*
and *Brynelson, Herrick, Gehl & Bucaida* of Madison.

Before Gartzke, P.J., Dykman, J. and Bruce F. Beil-
fuss, Reserve Judge.

DYKMAN, J.   Dean Hanson appeals an order dismis-
sing his complaint because his cause of action was barred
by the one year statute of limitations found in the Munic-
ipal Employment Relations Act (MERA), sec. 111.07

(14), Stats.[1] Though administrative agency proceedings must be filed within one year as required by sec. 111.07 (14), we conclude that 42 U.S.C. sec. 1983 (1978) (hereinafter sec. 1983) actions brought in court are governed by sec. 893.54, Stats., a three year statute of limitations. Because Hanson commenced this action within three years of the date it accrued, we reverse.

In August 1978 Hanson was hired and trained as a bus driver by Madison Service Corporation (MSC) which manages the Madison, Wisconsin bus system. During a four month period, Hanson was involved in five minor traffic accidents while driving an MSC bus. MSC fired Hanson in January, 1979. In May, 1980 Hanson sued MSC and Drivers, Salesmen, Warehousemen, Milk Producers, Cannery, Dairy Employees and Helpers Union Local No. 695. He alleged that MSC discharged him contrary to the labor contract and rules applicable to bus drivers and that the union had breached its duty of fair representation by withdrawing his grievance.

In December, 1981 Hanson amended his complaint to remove MSC from his first cause of action and to create a second cause of action. The new cause of action alleged that MSC, acting for the city of Madison, had deprived him of his job in which he had both a liberty and a property interest, thus violating sec. 1983. The trial court granted MSC's motion for judgment on the pleadings because it concluded Hanson's action was barred by the one year statute of limitations found in sec. 111.07 (14). Hanson voluntarily dismissed his cause of action against the union, leaving only his sec. 1983 cause of action for this appeal.

[1] Section 111.07 (14), Stats., provides:

The right of any person to proceed under this section shall not extend beyond one year from the date of the specific act or unfair labor practice alleged.

Section 111.07(1), Stats., provides: "Any controversy concerning unfair labor practices may be submitted to the commission in the manner and with the effect provided in this subchapter, but nothing herein shall prevent the pursuit of legal or equitable relief in courts of competent jurisdiction." Potential plaintiffs are therefore given their choice of an administrative or judicial forum. The issue is whether sec. 111.07(14) governs unfair labor practice actions brought in circuit court alleging violation of sec. 1983.

The United States Supreme Court recently construed sec. 1983 as a directive to select, in each state, the one most appropriate statute of limitations for all sec. 1983 claims. *Wilson v. Garcia*, 53 U.S.L.W. 4481, 4485 (April 17, 1985). The court then characterized all sec. 1983 actions as involving claims for personal injuries. The court concluded:

In view of our holding that sec. 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied the 3-year statute of limitations governing actions "for an injury to the person or reputation of any person." [Citation omitted.]

*Id.* at 4486.

*Wilson's* interpretation of sec. 1983 is retroactive. This is so because the court's analysis was of the legislative intent behind sec. 1983: "Had the 42d Congress expressly focused on the issue decided today, we believe it would have characterized sec. 1983 as conferring a general remedy for injuries to personal rights." *Id.* at 4485. Though the Supreme Court only recognized in 1985 the requirement of sec. 1983 that state personal injury statutes of limitation govern sec. 1983 claims, that requirement must have been present in 1871, when sec. 1983 was enacted. When a lower court relies on a legal principle which is subsequently changed by a decision prior to direct review, an appellate court must apply the current law rather

than the law existing at the time the lower court acted. *United States v. Elrod*, 627 F.2d 813, 819 (7th Cir 1980).

We conclude that *Wilson* requires that all sec. 1983 actions brought in Wisconsin be brought within the three year limitation of sec. 893.54(1), Stats., which applies to "[a]n action to recover damages for injuries to the person." Because appellant commenced this action within three years of the date he was fired, the trial court erred in dismissing his complaint.

*By the Court.*—Order reversed, and claim remanded for further proceedings consistent with this opinion.