Cheryll GRAY, f/k/a Cheryll Langyel, Plaintiff,

v.

Jerome LACKE, Stanley Klein, David Niemann and Diane Kohn, Defendants.

No. 88–C–329–S.

United States District Court, W.D. Wisconsin.

Oct. 25, 1988.

See also, 854 F.2d 179.

A. Steven Porter, Madison, Wis., for plaintiff.

Galen Strebe, Asst. Corp. Counsel, Madison, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

On April 18, 1988, the plaintiff Cheryll Gray filed her 42 U.S.C. § 1983 complaint against defendants Jerome Lacke, Stanley Klein, David Niemann and Diane Kohn alleging they violated her First and Four-

teenth Amendment rights while she was employed by the Dane County Sheriff's Department.

On September 2, 1988, the defendants filed a motion to dismiss based on the following grounds: 1) the action is barred by the doctrine of *res judicata;* 2) the action is barred by the doctrine of *collateral estoppel;* 3) certain claims are barred by the statute of limitations; and 4) the complaint fails to state a claim upon which relief can be granted. Defendants also filed a motion for sanctions under Rule 11, Federal Rules of Civil Procedure. Plaintiff filed her brief in opposition to these motions on September 26, 1988, and defendants replied on October 6, 1988.

## FACTS

For purposes of this motion the allegations in plaintiff's complaint must be taken as true.

Plaintiff began her employment with Dane County in 1974 and became a Communications Operator I on March 4, 1977. In 1979 Captain David Niemann, plaintiff's supervisor, made sexual advances toward her which she rejected for which he denied her employment benefits and promotions. She was retaliated against because she complained about sexual discrimination in her employment in 1979 and 1980. In 1980 she was suspended for 30 days as a form of retaliation.

In August 1980 plaintiff was interviewed by a newspaper reporter about sexual discrimination in the Dane County Sheriff's Department. On September 29, 1981, plaintiff and her employer settled her sexual discrimination, sexual harassment and retaliation state claims before the Equal Rights Division (ERD).

In November 1981 plaintiff applied for a position as a Dane County Income Maintenance Worker and in November 1984 she applied for the position of paralegal assistant. She was not hired for either of these positions because her employers retaliated against her by providing false and inaccurate negative references. The defendants denied her training opportunities in 1984 and changed her work schedule in March 1985 in retaliation for her prior complaints against them.

On or about April 8, 1985 plaintiff filed a grievance alleging that defendants were unjustifiably and wrongfully harassing her in retaliation for filing a prior grievance. On May 14, 1985, the Personnel Committee recommended that she be reassigned, which she was on June 3, 1985.

In April 1985 defendants selectively applied and enforced work rules against her. On April 23, 1985, defendants Kohn and Niemann unjustifiably interrogated plaintiff in a loud, abusive and threatening manner. Plaintiff applied for a job as Administrative Services Supervisor I at the Dane County Hospital and Home in June 1985. She was not hired because defendants provided false and inaccurate negative employment references.

On June 18, 1985 plaintiff filed a charge of discrimination with the ERD, alleging that her employer had discriminated against her because of her sex and in retaliation for her prior actions. Defendants Lacke, Klein and Niemann met to conspire, plan and devise a strategy for initiating harassment and disparate treatment of plaintiff on June 28, 1985.

## OPINION

### Res Judicata

■ Defendant argues that plaintiff's claims are barred by the doctrine of *res judicata.* The doctrine of *res judicata* bars subsequent litigation of the same cause of action between the same parties or their privies. *Whitley v. Seibel,* 676 F.2d 245, 248, n. 1 (7th Cir.1982).

Plaintiff's prior legal proceeding in *Cheryll Gray, f/k/a Cheryll Lengyel v. County of Dane,* 854 F.2d 179 (7th Cir.1988) concerned her causes of action against a different party, County of Dane. The question is whether the defendants in this action are privies of Dane County.

In *Beard v. O'Neal,* 728 F.2d 894, 897 (7th Cir.1984), where employees of the FBI were sued in their individual capacities, the court held that they were not privies of

another agent who was a defendant in a prior action for *res judicata* purposes. The court stated that if all the defendants had been sued only in their official capacities they would have been privies for the purpose of *res judicata* because the suits would have been against the government entity. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).

In *Lee v. Peoria*, 685 F.2d 196, 199 (7th Cir.1982), the Court has previously held that suits against government officials in their official capacities are equivalent to suits against the municipalities. Therefore, individuals sued in their official capacities are privies to a municipality, and a suit against them would be barred by the doctrine of *res judicata* if a previous suit against the municipality had been decided on the merits.

In the present case the defendants are sued in both their individual and official capacities. The claims against them in their official capacities are claims against them as privies of the government entity, Dane County. These claims are barred by the doctrine of *res judicata* because they were previously decided on the merits in *Gray*, (1988). *See Gregory v. Chehi*, 843 F.2d 111, 120 (3rd Cir.1988).

■ The suit against the defendants in their individual capacities questions whether they are privies of Dane County because of their employment relationship. Defendants argue that as employees of Dane County they are its privies. Their support for this contention is misleading.

Defendants refer to *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir.1983) in which the court held that a government and its officers are in privity for purposes of *res judicata*. In that case the officers were village trustees, manager and mayor.

In this case the defendants, except for Lacke, are not county officers such as county board members. They are employed by the county. Defendant Lacke is sheriff for the county.

In *Lambert v. Conrad*, 536 F.2d 1183 (7th Cir.1976), the court held that employ-

ees of a University Board of Regents sued in their individual capacities were privies of the Board where they acted in the scope of their employment. However, an employment relationship between individuals and a municipality has been since defined in *Monell*. The Court held that a municipality cannot be held liable for the actions of its employees based simply on an employment relationship. The municipality can only be held liable if the employees' actions were taken according to a policy, custom or practice of the municipality.

■ Employees sued in their individual capacities are privies of the government entity if they acted pursuant to its policy, custom or practice. In this case it has already been determined by the Court that the actions taken by the defendants were not pursuant to a policy, custom or practice of Dane County. Accordingly, the defendants in this action are not privies of Dane County.

Plaintiff's causes of action against these defendants in their individual capacities are not barred by the doctrine of *res judicata* and will not be dismissed. The causes of action against them in their official capacities are barred by *res judicata* and will be dismissed.

■ Defendants further argue that those claims are barred because plaintiff failed to amend her complaint in a timely fashion to add them in her original action. They argue that the claims against them could have been brought in the previous action and are, therefore, barred by the doctrine of *res judicata*. However, since the defendants in their individual capacities were not parties or privies in the first action, even though they could have been, the doctrine of *res judicata* does not bar any of these subsequent claims against them in their individual capacities. *See Whitley v. Seibel*, 676 F.2d at 248, n. 1 (7th Cir.1982).

*Collateral Estoppel*

■ Collateral estoppel applies to issue preclusion as distinct from claim preclusion. *See Allen v. McCurry*, 449 U.S. 90,

101 S.Ct. 411, 66 L.Ed.2d 308 (1980). This doctrine applies where: 1) there exists identity of issues; 2) the party against whom estoppel is sought had a full and fair opportunity to litigate the issues; 3) the issues were actually determined in the prior action; and 4) determination of the issues was necessary to the judgment in the prior action. *Whitley v. Seibel*, 676 F.2d 245 (7th Cir.1982).

In the prior case *Gray* (1988), there is an identity of issues with this case. Plaintiff alleged that her First Amendment and Fourteenth Amendment equal protection rights were violated. This Court dismissed these claims and also found that her injuries had not been caused pursuant to a policy, custom, or practice of the municipality. The Court of Appeals in affirming the district court's decision that there was no action pursuant to a municipal policy, custom, or practice did not expressly reach the First Amendment and Equal Protection issues.

According to *Standefer v. U.S.*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), if the party who failed to prevail on a particular issue in the prior case was not able to obtain judicial review of that issue, collateral estoppel is inapplicable in a subsequent suit involving the same or different parties. In the present case plaintiff was not able to obtain judicial review of the dismissal of her First and Fourteenth Amendment equal protection claims and is therefore not collaterally estopped from pursuing these claims in this action.

*Statute of Limitations*

■ Defendants argue that many of plaintiff's claims should be barred because the applicable statute of limitations is three years. Plaintiff argues that the applicable statute of limitations is six years.

On April 17, 1985, the United States Supreme Court held that the correct statute of limitations for all § 1983 actions is the forum state's statute of limitations governing actions "for an injury to the person or reputation of any person," *Wilson v. Garcia*, 471 U.S. 261, 266, 105 S.Ct. 1938, 1941, 85 L.Ed.2d 254 (1985). Wisconsin has one statute applicable to actions for injury to

the person although Wis.Stat. § 893.53 is a six-year statute of limitations for an injury to character or rights. Wis.Stat. § 893.54 is the three-year statute of limitations for injuries to the person. According to *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), "*Wilson* simply mandates that the same type of statute of limitations, the personal injury statute, will apply to all § 1983 actions," p. 1145. This Court has previously held that the three-year statute of limitations set forth in Wis.Stat. § 893.54 applies to § 1983 causes of action. The Wisconsin Court of Appeals has also held that the statute of limitations for § 1983 actions in state court is three years. *Hanson v. Madison Service Corp.*, 125 Wis.2d 138, 141, 370 N.W.2d 586 (Ct.App.1985).

In *Felder v. Casey*, ── U.S. ──, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1983) the United States Supreme Court held that Wisconsin's Notice of Claim Statute could not be applied to § 1983 actions brought in state court. In a concurring opinion Justice White reiterated the holding in *Wilson v. Garcia* and noted in a footnote that the Wisconsin Supreme Court did not decide whether the § 1983 claim should be governed by the two-year statute of limitations applicable to intentional torts or the three-year statute of limitations applicable generally to "injuries to the person." 108 S.Ct. at 2315 n. 2. This decision supports the conclusion that the three-year statute of limitations applied in *Hanson* is the appropriate statute for § 1983 actions in Wisconsin.

In *Anton* the Seventh Circuit Court of Appeals held that in Illinois, cases accruing before the date of the *Wilson* decision must be filed within the shorter period of two years from the *Wilson* decision or five years from accrual (the previous applicable period in Illinois). *See Loy v. Clamme*, 804 F.2d 405 (7th Cir.1986).

This Court applied this analysis in *Yatvin v. Madison Metropolitan School District, et al.*, 840 F.2d 412 (7th Cir.1988) to conclude that in Wisconsin § 1983 actions which accrued before the date of the *Wilson* decision must be filed within the shorter period of six years after accrual (the

prior Wisconsin statute of limitations) or three years (the Wisconsin personal injury statute of limitations) after April 17, 1985, the date of *Wilson.*

Plaintiff argues that based on *Anton* and *Loy* she should have six years from the date of the last unlawful incident complained of or three years from the date of the *Wilson* decision, whichever is shorter. This Court agrees, but only for those acts occurring before *Wilson.* According to plaintiff's complaint the last unlawful incident occurred in June 1985, which was after the *Wilson* decision. Accordingly, plaintiff does not have a choice of statutes for those actions occurring after *Wilson* for which she is bound by the three year statute of limitations. Plaintiff is only entitled to litigate the defendants' unlawful actions which occurred three years prior to April 18, 1988. Those actions occurring before *Wilson* are time barred.

This Court need not reach the defendants' argument that certain claims are barred by a 1981 settlement agreement since all claims arising from the defendants' actions prior to April 18, 1985 are barred by the three-year statute of limitations.

*Constitutional Claims*

■ The Court must next determine whether or not the defendants' alleged actions from April 18, 1985 to April 18, 1988 violated either/or her First Amendment or Fourteenth Amendment equal protection rights. The relevant actions of the defendants follow:

In April 1985 the defendants selectively applied and enforced certain work rules against plaintiff. Defendants Kohn and Niemann unjustifiably interrogated her on April 23, 1985. Defendants provided negative employment references for her in June 1985 and met to conspire, plan and devise a strategy for initiating harassment and disparate treatment of plaintiff.

■ These allegations do not support a claim that plaintiff was discriminated against because of her sex in violation of the Fourteenth Amendment Equal Protection Clause. Rather, the defendants' actions against plaintiff were because she filed a grievance that they had retaliated against her. Their actions were allegedly in retaliation for plaintiff's conduct and not because of her sex. The Court finds no class-based discrimination because plaintiff is complaining of retaliation. When the only wrongful act is retaliation, § 1983 can provide no remedy for the claim. *Alexander v. Chicago Park District,* 773 F.2d 850 (7th Cir.1985); *Day v. Wayne County Board of Auditors,* 749 F.2d 1199 (6th Cir.1984).

■ The Court notes that any Title VII claim based on these allegations has been foreclosed by the prior decision in *Gray v. County of Dane,* 854 F.2d 179 (7th Cir. 1988).

■ Plaintiff claims that her First Amendment rights were violated because the defendants retaliated against her for exercising her right to speak up and criticize her supervisors. From April 18, 1985 until April 18, 1988, the defendants' actions may have been related to two complaints filed by plaintiff. One complaint filed on April 8, 1985 was for retaliation against her and the other, filed on June 18, 1985, was for sex discrimination and retaliation.

The question is whether these two grievances addressed a matter of personal interest or public concern. In *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) the United States Supreme Court held that the right to free speech protected by the First Amendment is not violated by an employer who retaliates against a public employee for exercising that right, unless the employee's speech addressed a matter of public concern. Whether an employee's speech addresses a matter of public concern must be determined by the content, form and context of a given statement, as revealed by the record as a whole. *Id.* at 147–148, 103 S.Ct. 1684, 1690. The motive of the employee for the speech cannot be dispositive when determining whether the speech is a matter of public concern. *See Belk v. Town of Minocqua,* 858 F.2d 1258 (7th Cir.1988).

There is no evidence in the record that the grievance filed on April 8, 1985 concerned any employees other than plaintiff. It was filed specifically to object to defendants' retaliatory actions against her. There is nothing in the content, form or context of this grievance to suggest it was related to a matter of public concern.

On June 18, 1985, plaintiff filed a charge of discrimination with the ERD, alleging that her employer discriminated against her on the basis of sex and in retaliation. There is nothing in the record to indicate the conduct upon which this charge is based or that the content, form or context of this grievance related to a matter of public concern. *See Callaway v. Hafeman,* 832 F.2d 414 (7th Cir.1987).

Since there is nothing to indicate that plaintiff's grievances were related to speech that is a matter of public concern, they are not protected by the First Amendment. Any retaliatory actions by the defendants based on these grievances did not violate plaintiff's First Amendment rights.

*Conclusion*

Plaintiff's complaint must be dismissed because her claims which are not time barred do not address relief under the First or Fourteenth Amendments. Defendants' motion to dismiss will be granted.

Defendants have moved for attorneys fees pursuant to Rule 11, Federal Rules of Civil Procedure. The Court cannot find that plaintiff's claims were frivolous or were not brought in good faith. Therefore, defendants' motion for attorneys fees must be denied.

### ORDER

IT IS ORDERED that defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for attorney fees is DENIED.

IT IS FURTHER ORDERED that judgment be entered in favor of the defendants and against the plaintiff, DISMISSING her complaint and all claims contained therein, with prejudice and costs.