Stephen D. KOHLBECK and Barbara L. Kohlbeck, and Cyril D. Kohlbeck and Carole M. Kohlbeck, Plaintiffs,

v.

VILLAGE OF PULASKI, a Wisconsin municipal corporation, Ralph Tilkens, Tim Grygiel, Ron Kryger, Delores Hylok, Gene Gajewski, Bob Van Lannen, Roger Van Lannen, Randy Wichlacz, Robert Tetzlaff, and Gary F. Drezwiecki, Defendants.

Civ. A. No. 90–C–0383.

United States District Court, E.D. Wisconsin.

March 14, 1991.

James R. Sickel, Hinkfuss, Sickel, Petitjean & Long, Green Bay, Wis., for plaintiffs.

Raymond J. Pollen, Riordan, Crivello, Carlson, Mentkowski & Steeves, S.C., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### BACKGROUND

On April 19, 1990, plaintiffs Stephen, Barbara, Cyril, and Carol Kohlbeck ("the Kohlbecks") commenced a Title 42 United States Code § 1983 action in this court alleging that the defendants, the Village of Pulaski and the Pulaski Village Board members ("hereafter Pulaski") had violated their federal constitutional rights by rescinding their mobile home park permit and delaying their construction of a mobile home park development. Specifically, the Kohlbecks claim that Pulaski (1) violated their fifth and fourteenth amendment right not to be deprived of their property without due process of law; and (2) deprived them of their fourteenth amendment right to receive equal protection of the law. In addition, the Kohlbecks claim that Pulaski's deprivation of their property right without due process violates Article I of the Constitution of the State of Wisconsin.

On May 31, 1990, Pulaski moved this court to dismiss the Kohlbecks' complaint on the grounds that it fails to state a claim and is barred by principles of res judicata. On July 2, 1990, the Kohlbecks objected to Pulaski's motion and submitted numerous documents in support of their arguments. On September 27, 1990, this court held a hearing on Pulaski's motion where both parties presented oral argument. Pulaski argued that its motion should be treated as one for summary judgment because the record had been supplemented with documents other than the complaint. This court agreed with Pulaski and provided both parties with an opportunity to supplement the record. *Hill v. Trustees of Indiana University*, 537 F.2d 248, 251 (7th Cir.1976). The parties filed additional briefs and documents on October 9th and 10th. After considering the numerous briefs and arguments, this court: (1) dismisses without prejudice the Kohlbecks' state law due process claim; (2) dismisses with prejudice the Kohlbecks' § 1983 equal protection claim; and (3) stays the Kohlbecks' § 1983 due process claim. In addition, this court closes this action for statistical purposes.

### FACTS

On January 26, 1987, the Kohlbecks submitted to Pulaski an Application for Permit and License to Operate a Mobile Home

Park in Pulaski (Jul. 27, 1990 Vande Castle Aff.Exh. K). In the letter accompanying their application the Kohlbecks stated:

The Public Works Commission has also endorsed the plan except that they had questions with regard to the sewer and water. The Applicants (Kohlbecks) would like to address that to you at this time so that there is no question with regard to any costs for the extension of the sewer and water.

The Applicants will pay for all the construction costs of the extension of the sewer and water to the proposed site and are ready, willing and able to sign any and all documents, contracts and bonds required by the Village [Pulaski] to insure payment for the construction costs.

(*Id.*). During a regular Pulaski Village Board ("the Board") meeting on March 2, 1987, the Board decided that the Kohlbecks' application was complete and passed a motion to issue the Kohlbecks a permit for the construction of a mobile home park (Complaint at 7 ¶ 8). On the same day, Pulaski's Village Clerk issued the permit to the Kohlbecks (*Id.* at 8 ¶ 13). During a special Board meeting on March 20, 1987, however, the Board rescinded the permit it had issued on March 2nd (*Id.* at 8 ¶ 14).

On March 30, 1987, the Kohlbecks commenced an action in the Brown County Wisconsin Circuit Court, case number 87–CV–830, seeking a declaratory judgment, pursuant to Wis.Stat. § 806.04, that the Board's March 20, 1987 rescission of their permit had no effect or in the alternative a mandamus ordering the Clerk of Pulaski to issue the Kohlbecks a new permit (Jun. 29, 1990 Sickel Aff.Exh. 3 ¶¶ 9 & 16).

Pulaski moved the Brown County Circuit Court for a preliminary injunction prohibiting the Kohlbecks or their agents from undertaking any further site development until the case was resolved (Jul. 27, 1990 Vande Castle Aff.Exh. L). On June 2, 1987, the circuit court held a hearing on Pulaski's motion. On this same day, the Kohlbecks submitted the affidavit of Steve Kohlbeck to the circuit court indicating that they had incurred approximately $30,000 in construction expenses for the mobile home park and $40,000 in losses due to Pulaski's rescission of the permit (Sickel Jun. 29, 1990 Aff.Exh. 5). On June 29, 1987, nunc pro tunc to June 2, 1987, the circuit court granted Pulaski's preliminary injunction motion and required Pulaski to provide a $50,000.00 bond pursuant to Wis. Stat. § 813.06 (*Id.*).[1] On July 15, 1987, the Kohlbecks submitted a "Notice of Claim" to Pulaski stating that they had incurred losses, damages, and expenses in the amount of $354,956.26 as a result of Pulaski's revocation of the mobile home park permit (Sickel Jun. 29, 1990 Aff.Exh. 4).

On April 13, 1988, the circuit court made the following conclusions of law in the Kohlbecks' action:

1. That the Plaintiffs [Kohlbecks], by reason of the permit granted by the Village Board of the Village of Pulaski on March 2, 1987, had acquired a property right to develop Parcel B as a mobile home park.

2. That the action of the Village Board of the Village of Pulaski on March 20, 1987, rescinding the permit issued to the Plaintiffs was an unconstitutional act by the Board and denied the Plaintiffs of a property right without due process.

(*Id.* Exh. 8 at 6). The circuit court then entered the following judgment:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the action of the Village Board of the Village of Pulaski taken on March 20, 1987, rescinding the permit issued to the Plaintiffs on March 2, 1987, is invalid. That the permit issued to the Plaintiffs on March 2, 1987, is a lawful permit and Plaintiffs should be permitted

---

1. Section 813.06 states in pertinent part that:
   In proceedings under s. 767.23 the court or judge may, and in all other proceedings ... the court or judge shall require a bond of the party seeking an injunction, with sureties, to the effect that *he or she will pay to the party* *enjoined such damages*, not exceeding an amount to be specified, as *he or she may sustain by reason of the injunction* if the court finally decides that the party was not entitled thereto.
   (emphasis added).

to pursue the construction of the mobile home park.

IT IS FURTHER ORDERED that the restraining order [preliminary injunction] issued in this matter is vacated.

(*Id.* Exh. 8 at 6–7).

On September 1, 1988, Pulaski moved the circuit court to enjoin the Kohlbecks from allowing individuals to occupy the mobile home park until construction of the park was complete and the Kohlbecks had received a written license from Pulaski to operate the park (Jul. 27, 1990 Vande Castle Aff.Exh. Q). The written license was separate from the development permit, and was required prior to occupancy of the development.

On September 6, 1988, the Kohlbecks responded to Pulaski's motion by moving the circuit court to find Pulaski in contempt of the circuit court's April 13, 1988 decision (Jun. 29, 1990 Sickel Aff.Exh. 6). The Kohlbecks claimed that Pulaski was in contempt because it had failed to issue them a written license for the operation of the mobile home park and had interfered with the construction and operation of the park (*Id.* Exh. 6). Finally, the Kohlbecks requested the court: (1) to award them $10,-000 in damages for the delay which Pulaski's actions had caused; (2) to fine Pulaski $10,000 for every day Pulaski remained in contempt; and (3) to imprison the Pulaski officials who refused to comply with the court's order (*Id.* Exh. 6 at 3).

On September 23, 1988, the circuit court entered an order resolving the Kohlbecks' September 6th contempt motion (*Id.* Exh. 7 Sep. 23, 1988 Order).[2] The court's order was based upon a stipulation between the Kohlbecks and Pulaski which set up conditions which the Kohlbecks would satisfy prior to obtaining the operating license. Although the order did not explicitly grant the Kohlbecks' request for $10,000 in damages, it stated that "Costs will abide further order of the Court and the Court will enter such other and further orders as it deems appropriate." (*Id.* Exh. 7 Sep. 23, 1988 Order ¶ 4).

On October 12, 1988, the Kohlbecks moved the circuit court to find Pulaski in contempt of the court's September 23, 1988 order (*Id.* Exh. 7). The Kohlbecks claimed that Pulaski still had not issued them a written license to operate the mobile home park and that Pulaski continued to take actions to frustrate the operation of the park (*Id.* Exh. 7). The Kohlbecks again requested damages for the contempt in the amount of $10,000 (*Id.* at Exh. 7).

The record in this present case is unclear as to whether or not the circuit court ever rendered a written decision on the Kohlbecks' second contempt motion. Pulaski issued the Kohlbecks conditional written licenses to operate the mobile home park on October 7th and October 14, 1988, and a final unconditional written license on October 21, 1988 (Jul. 27, 1990 Vande Castle Aff.Exh. S). The issuance of the licenses rendered Pulaski's September 1, 1988 motion for an injunction moot. In addition, the issuance of the licenses also apparently rendered the Kohlbecks' second contempt motion moot in the eyes of the Kohlbecks and the circuit court because no other documents concerning this motion have been filed with this court.

On April 19, 1990, the Kohlbecks commenced this action seeking compensatory and punitive damages against Pulaski for two causes of action. First, the Kohlbecks claim that Pulaski deprived them of their property rights without due process of law, as required by both the United States and Wisconsin Constitution, when they rescinded the mobile home park permit and subsequently delayed the issuance of a written license to operate the park (Complaint at 12 ¶ 25). This claim is factually identical to the claim the Brown County Circuit Court ruled on in its April 13, 1988 decision because the court concluded that the Kohlbecks had been deprived of a property

---

**2.** The record in the present case does not indicate whether or not the circuit court ever directly ruled on Pulaski's September 1, 1988 motion for an injunction. This court, however, suspects that this motion became moot in light of the September 22, 1988 stipulation between the parties and the circuit court's September 23, 1988 order.

right without due process of law (Jun. 29, 1990 Sickel Aff.Exh. 8 at 6).

Second, the Kohlbecks claim that Pulaski deprived them of their right to equal protection of the law by *requiring them to pay for the extension of the water and sewer lines to service the mobile home park* (Complaint at 12 ¶ 26). Although this claim was not raised in the Brown County Circuit Court, the court made the following factual finding:

> 7. Plaintiffs [Kohlbecks] submitted proposals regarding the cost of the water and sewer extension to the proposed mobile home park and *an agreement was reached wherein the Plaintiffs would bear the total cost of the extension* with reimbursement should any future users tie into the system.

(Jun. 29, 1990 Sickel Aff.Exh. 8 at 4) (emphasis added). Thus, both of the claims raised by the Kohlbecks in this present action were addressed to one extent or another by the Brown County Circuit Court.

## ANALYSIS

### I. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a federal district court shall grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits indicate that no material facts are in dispute and that the moving party is entitled to judgment as a matter of law. *Howland v. Kilquist,* 833 F.2d 639, 642 (7th Cir.1987). The party moving the court for summary judgment has the burden of proving that no material facts are in dispute, and the court must review the record with all reasonable inferences being drawn in favor of the non-moving party. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); *Reardon v. Wroan,* 811 F.2d 1025, 1027 (7th Cir.1987).

### II. Res Judicata

The United States Supreme Court has repeatedly held that the federal statute, 28 U.S.C. § 1738, which implements the Full Faith and Credit Clause of the United States Constitution requires a federal court:

> to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.

*Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (quoting *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982)). Thus, this court must give the Brown County Circuit Court judgment the same preclusive effect which it would receive in Wisconsin state courts.

### A. Res Judicata Effect on Claim for Damages

■ The Wisconsin Supreme Court has considered the preclusive effect that a declaratory judgment action has on subsequent actions and has held:

> Generally, an earlier judgment is *res judicata* as to all matters which were or might have been litigated in that proceeding. However, the Restatement of Judgments, sec. 77, comment b (1942), states that the general rule does not apply to declaratory judgments:
>
> "b. Effect of declaratory judgment on subsequent controversies. The effect of a declaratory judgment in subsequent controversies between the parties depends upon the scope of the declaration of rights made by the judgment. *As to matters not declared by the judgment, although a declaration might have been made as to them, the parties are not so precluded....*"
>
> We agree with the rule, as set forth in the Restatement, that a declaratory judgment is only binding as to matters which were actually decided therein and is not binding to matters which "might have been litigated" in the proceeding.

*Barbian v. Lindner Bros. Trucking Co.,* 106 Wis.2d 291, 297, 316 N.W.2d 371 (1982) (citations omitted) (emphasis added by Wisconsin Supreme Court). In the present case, Pulaski argues that *Barbian* is not

controlling because the Kohlbecks' state court action included a mandamus action and the circuit court used its mandamus powers when entering the judgment. This argument is unpersuasive.

First, in both the initial and amended state court complaint, the Kohlbecks plead their mandamus action in the alternative. The mandamus claim had to be addressed *only* if the circuit court held that the Pulaski Board's March 20, 1990 rescission of the mobile home park permit was valid (Amended Complaint ¶ 18). The circuit court, however, never reached the mandamus claim because it held that the March 20th rescission was invalid (Jun. 29, 1990 Sickel Aff.Exh. 8 at 6).

Second, in the April 13, 1988 decision, the circuit court did not use its mandamus powers because it never ordered Pulaski to do anything. The circuit court only held that the rescission was invalid and that the Kohlbecks "should be permitted to pursue the construction of the mobile home park." (*Id.* Exh. 8 at 6–7). The circuit court did *not* order Pulaski to issue the Kohlbecks a new development permit or to issue them a written operating license for the mobile home park. In fact, even after the Kohlbecks filed their first contempt motion, the circuit court still did not order Pulaski to issue the operating license, but instead ordered, based upon a stipulation between the parties, that the license's issuance was contingent on other matters occurring. Thus, this court concludes that *Barbian* is controlling in the present case.

There are, however, difficulties with applying the *Barbian* holding to the present case because the record in the Brown County Circuit Court action is ambiguous as to what extent the circuit court considered a damages claim by the Kohlbecks. First, the circuit court required Pulaski to post $50,000 for the purpose of covering any damage suffered by the Kohlbecks as a result of the delay in construction of the mobile home park caused by Pulaski's successful preliminary injunction motion. This action by the circuit court strongly suggests that once Pulaski filed its motion for a preliminary injunction, the court would consider the damages incurred by the Kohlbecks as a result of Pulaski's actions in rescinding the permit.

The holding in *Barbian*, however, only precludes a second court from considering the damages issue if the previous court actually *ruled* on the issue of damages. The fact that (1) the issue of damages was raised by the actions of a party and (2) that the court's actions indicate that it would rule on the issue of damages is not controlling. Although this court questions the rationale of this limited preclusion doctrine, it concludes that *Barbian* is controlling because the Brown County Circuit Court action was commenced and treated as a declaratory judgment action. This court also concludes that the circuit court did not rule on the damages caused by Pulaski's actions between the period beginning with the Board's rescission of the mobile home park permit, March 20, 1987, and the circuit court's April 13, 1988 decision. Thus, the issue of damages incurred by the Kohlbecks during this time period is not precluded.

This court, however, finds that the circuit court did consider and rule on the damages incurred by the Kohlbecks as a result of Pulaski's alleged delay in issuing the operating license. This issue was (1) *raised* by the Kohlbecks when they filed their contempt motions requesting compensation for the damage caused by the delay and (2) *resolved* by the circuit court when it entered the September 23, 1988 order based upon the stipulation between the Kohlbecks and Pulaski. Although no damages were awarded to the Kohlbecks for the alleged delay, this result was the outcome of a stipulation which the Kohlbecks entered into. In addition, although the circuit court never addressed the Kohlbecks' second contempt motion, the record indicates that the parties considered the issue moot after the written license was issued by Pulaski on October 21, 1988. Thus, this court concludes that: (1) the circuit court ruled on the issue of damages caused by Pulaski's actions after the April 13, 1988 decision and (2) this court is precluded from considering any damages incurred by the Kohlbecks after April 13, 1988.

### B. Res Judicata Effect on Due Process Claims

The Kohlbecks are proceeding on a due process claim under both the Wisconsin and United States Constitution. They claim that this court has jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and jurisdiction over the state law claim pursuant to the doctrine of pendent jurisdiction. This court, however, concludes that the preclusive effect of the Brown County Circuit Court judgment: (1) renders the Kohlbecks' Wisconsin due process claim the predominant claim of the Kohlbecks' complaint; and (2) renders the Kohlbecks' § 1983 claim an unnecessary federal constitutional question at this time.

#### 1. Wisconsin Constitution Due Process Claim

The Wisconsin common law on res judicata dictates that this court is bound by the judgment which the Brown County Circuit Court entered. *Barbian*, 106 Wis.2d at 296–97, 316 N.W.2d 371. The circuit court adjudged that Pulaski's March 20, 1987 rescission of the mobile home park permit was an unconstitutional act which violated the Kohlbecks' due process rights. The circuit court, however, did not indicate whether Pulaski's rescission of the permit violated the Kohlbecks' state or federal due process rights.[3]

Although a decision that an individual's federal due process rights were violated automatically means that the individual's existing state due process rights were violated, the opposite is not true. Pulaski may have violated the Kohlbecks' state due process rights and *not* their federal due process rights because states are only per-mitted to provide more, *not less*, protection than the United States Constitution. More importantly, as this court finds that Wisconsin law requires this court to give the circuit court judgment preclusive effect, it must find, at the very least, that the Kohlbecks' state due process rights were violated.

■ The ambiguity of the circuit court's decision, however, requires this court to give the circuit court's decision the least preclusive effect possible. The circuit court's judgment must be interpreted as holding *only* that the Kohlbecks' state due process rights were violated, *not* that the Kohlbecks' federal due process rights were violated. Thus, the only remaining claims for adjudication before this court are: (1) what damages are the Kohlbecks entitled to as a result of the circuit court's decision; and (2) did Pulaski violate the Kohlbecks' federal due process rights. (This court holds later in this decision that the Kohlbecks' § 1983 equal protection claim is meritless.) The issue of damages for the Kohlbecks' state law claim, however, is predominant because if the Kohlbecks prevail, then there probably is no need to reach the question of whether or not their federal rights were violated.[4]

■ The Kohlbecks claim that this court has subject matter jurisdiction to hear the Kohlbecks' state law claim because of the judge-made doctrine of pendent jurisdiction.[5] In *United Mine Workers of America v. Gibbs*, the United States Supreme Court held that a federal court has the discretion to adjudicate a plaintiff's state law claims when the state and federal claims derive from a common nucleus of

---

3. The decision merely concluded that the re-scission of the permit by Pulaski "was an unconstitutional act by the Village Board which denied Plaintiffs [Kohlbecks] of a property right without due process." (Jun. 29, 1990 Sickel Aff.Exh. 8 at 6).

   The ambiguity of the circuit court's decision is compounded by the fact that the Kohlbecks' state court complaint did not allege a violation of either the United States or Wisconsin Constitution. Although the complaint stated, "That the Petitioners [Kohlbecks] believe that the motion passed by the Village of Pulaski on March 20, 1987, has no legal effect[,]" the Kohlbecks

did not provide a legal theory to support their claim (*Id.* Exh. 2 ¶ 11).

4. This court writes "probably" because the parties have not briefed the issue of whether or not the damages available for a due process claim under the Wisconsin Constitution and § 1983 are synonymous.

5. The Supreme Court has stated that "pendent jurisdiction is a judge-made doctrine of expediency and efficiency." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984).

operative fact and the federal issues are substantial. 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The Court stated:

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state law claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.* at 726–27, 86 S.Ct. at 1139 (citation and footnotes omitted). In the present case, the federal claims are not substantial when compared to the state law claim. First, the Kohlbecks' § 1983 equal protection claim is meritless and is dismissed in the next section of this decision. Second, the Kohlbecks' § 1983 due process claim will probably become moot once their state law claim is resolved. More importantly, the damages issue for the Kohlbecks' state law claim is best decided by the state circuit court whose judgment has preclusive effect as to that exact claim. Thus, this court finds it inappropriate to use the doctrine of pendent jurisdiction to establish jurisdiction over the Kohlbeck's Wisconsin due process claim and dismisses this claim without prejudice.

### 2. United States Constitution Due Process Claim

■ This court has subject matter jurisdiction to hear the Kohlbecks' § 1983 due process claim.[6] The United States Supreme Court, however, has repeatedly held that:

**6.** During oral argument, this court questioned the Kohlbecks as to why they chose to file their complaint in federal court rather than in the Brown County Circuit Court where the preponderance of the suit has already been litigated. The Kohlbecks stated that they chose federal court because they believed that their § 1983 claim would be barred in state court by the applicable statute of limitations.

Because § 1983 does not contain its own limitations period, the United States Supreme Court in *Wilson v. Garcia* directed the courts to apply the state statute of limitations governing the most analogous cause of action. 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *see also Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The current controlling case in the Wisconsin state court system for the state statute of limitations applicable to § 1983 claims is *Hanson v. Madison Service Corp.,* 125 Wis.2d 138, 370 N.W.2d 586 (Ct.App. 1985). In this decision, the court of appeals followed the Supreme Court's directive in *Wilson* and held "that all sec. 1983 actions brought in Wisconsin be brought within the three year limitation of sec. 893.54(1), Stats., which applies to '[a]n action to recover damages for injuries to the person.'" *Id.* at 141, 370 N.W.2d 586. If the *Hanson* decision is applied to the present case, then the Kohlbecks' § 1983 claim is apparently

barred because they commenced this claim on April 19, 1990 which is more than three years after the action complained of; the March 20, 1987 rescission of the permit.

The Seventh Circuit Court of Appeals and a federal district court in the Western District of Wisconsin, however, have held that the Wisconsin statute of limitations applicable to a § 1983 claim is Wis.Stat. § 893.53, not § 893.54(1). *Gray v. Lacke,* 885 F.2d 399, 407–09 (7th Cir. 1989); *Saldivar v. Cadena,* 622 F.Supp. 949, 954–55 (W.D.Wis.1985). Section 893.53 of the Wisconsin Statutes has a six-year limitations period rather than a three year period, and therefore permits the Kohlbecks to proceed on their § 1983 claim. This court is bound by the *Gray* decision and finds its reasoning more persuasive than that contained in *Hanson.*

Section 893.53 of the Wisconsin Statutes is the limitations statute applicable for suits alleging injuries to an individual's "character or rights" while § 893.54(1) is applicable for suits alleging "injuries to the person" (quoting pertinent statutes). As § 1983 is a civil remedy for the deprivation of an individual's *constitutional rights,* this court concludes that the Wisconsin limitations period for alleging injuries to an individual's "character or rights" is applicable, and the statutory period is six (6) years. *See Gray,* 885 F.2d at 407–09.

[W]hen a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question.

*Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975) (referring to *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)). The issue in *Harris* was whether or not the defendants' actions were prohibited by either the Texas Constitution, the United States Constitution, or both. 420 U.S. at 79–82, 95 S.Ct. at 873–874. The Supreme Court refused to hear or resolve the plaintiffs' federal claims until after the state courts had the opportunity to resolve the question of whether or not the defendants' actions were prohibited by the Texas Constitution. *Id.* at 84–89, 95 S.Ct. at 875–878.

In the present case, the Brown County Circuit Court already appears to have decided that Pulaski's March 20, 1987 rescission of the mobile home park permit was, at the very least, prohibited by the Wisconsin Constitution. The only remaining issue for the circuit court to decide on the state law claim is what damages, if any, the Kohlbecks are entitled to on that claim. The adjudication of the Kohlbecks' § 1983 due process claim only becomes necessary if the circuit court decides that the Kohlbecks *cannot* receive damages for their state claim which they could receive for a violation of their federal due process rights. Thus, at this time it is unnecessary to decide the merits of the Kohlbecks' federal due process claim.

In addition, this court finds that under the facts of this case, comity requires this court to provide the Brown County Circuit Court with the opportunity to resolve, if necessary, Kohlbecks' § 1983 due process claim. The § 1983 claim arises out of the identical facts as the Wisconsin due process claim; the state due process law claim is the predominate claim in this action; and the Brown County Circuit Court already has entered findings of fact which are di-

rectly applicable to the Kohlbecks' § 1983 claim. Thus, this court finds that, if possible, the Kohlbecks should litigate both their state and federal due process claims in state court.

The only reason the Kohlbecks have provided for proceeding in this court on their § 1983 claim is the possibility that the Brown County Circuit Court may hold that this claim is time barred. This outcome, however, is not certain. In light of the *Gray* decision discussed at footnote six herein, the circuit court may very well decide that the most appropriate statute of limitations period for the § 1983 claim is Wis.Stats. § 893.53, *not* § 893.54(1). 622 F.Supp. 949. If Wis.Stats. § 893.53 is used, as this court believes is appropriate, then the Kohlbecks' § 1983 claim is not time barred in state court. This court, however, recognizes that there is the possibility that the state court may hold that the statute of limitations prevents it from hearing Kohlbecks' § 1983 due process claim. Thus, this court will not dismiss Kohlbecks' § 1983 due process claim, but instead stay it and close this action for statistical purposes. If the state court refuses to rule on the merits of the Kohlbecks' § 1983 due process claim by holding that this claim is time barred, then the Kohlbecks may reopen this action by moving this court in writing accordingly. This court, however, will *not* accept jurisdiction to adjudicate the Kohlbecks' state law due process claim regardless of the state court's decision.

As the Kohlbecks' § 1983 due process claim is stayed and this action is closed for statistical purposes, this court will not address at this time: (1) the merits of the Kohlbecks § 1983 due process claim; or (2) the merits of the individually named defendants' claim that they are immune from liability. If the state court action does not resolve the dispute between the parties, then this court will permit the parties to renew these issues upon the reopening of this action.

### III. Equal Protection Claim

The Kohlbecks claim that they have been denied their federal constitutional

right to equal protection of the law because Pulaski required them to pay for the extension of the Pulaski water and sewer lines to the mobile home park while not requiring the Carver Boat Company ("CBC") to pay for a comparable extension of municipal services. Pulaski argues that summary judgment is appropriate on this claim because Pulaski's decision to have the Kohlbecks pay for the extension bears some rational relationship to a legitimate state purpose. This court agrees and grants Pulaski's motion for summary judgment dismissing this claim.

The Seventh Circuit Court of Appeals has considered the protection provided by the equal protection clause of the fourteenth amendment and has held:

It is well settled that equal protection does not require absolute equality or precisely equal advantages. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Rather, in the absence of fundamental rights or a suspect classification, equal protection requires only that a classification which results in unequal treatment bear some rational relationship to a legitimate state purpose.

*French v. Heyne,* 547 F.2d 994, 997 (7th Cir.1976). This court is in complete agreement with the court of appeals and is convinced that there is nothing more unequal than treating unequal parties equally.

In the present case, the Kohlbecks concede that they are not a suspect class and that their claim does not involve fundamental rights. They argue, however, that Pulaski's decision to make them pay for the extension of the water and sewer lines was arbitrary and capricious and part of Pulaski's overall pattern of delaying the development of the mobile home park. This claim, however, is unsupported by the record.

First, the Kohlbecks agreed to pay for the water and sewer extensions *prior* to Pulaski's decision to rescind the mobile home park permit. This fact by itself indicates that Pulaski did not decide to require the Kohlbecks to pay in order to delay the development of the mobile home park. More importantly, this court finds that lo-

cal governments have a legitimate state purpose in trying to negotiate the issuance of development permits which require private developers to incur the costs of extensions of municipality services.

Second, the Kohlbecks have not refuted Pulaski's assertion of the following facts: (1) the Kohlbecks and the CBC were not similarly situated because the CBC were located in the Tax Incremental Financing District ("TIFD") while the mobile home park was not; (2) that the extensions of the municipal services for the CBC were financed by Industrial Development Revenue Bonds, a Wisconsin Development Block Grant, and funds generated from the TIFD, *not* debt incurred by Pulaski; and (3) that since 1980, Pulaski has required developers to bear the cost of sewer and water main extensions (Jul. 27, 1990 Vande Castle Aff. ¶¶ 4–6). These facts force this court to conclude that Pulaski had a valid reason, which was related to a legitimate state purpose, for requiring the Kohlbecks to pay for the sewer and water main extensions. Thus, Pulaski's motion for summary judgment on the Kohlbecks' equal protection claim is granted and it is dismissed with prejudice.

IT IS THEREFORE ORDERED that the plaintiffs' due process claim under Article I of the Constitution of the State of Wisconsin is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment on plaintiffs' 42 U.S.C. § 1983 claim that their federal constitutional right to equal protection of the law was violated by the defendants is GRANTED, and the plaintiffs' equal protection claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the plaintiffs' 42 U.S.C. § 1983 claim that their federal constitutional due process rights were violated by the defendants is STAYED in order to provide the Brown County Wisconsin Circuit Court the opportunity to resolve the dispute between the parties.

IT IS FURTHER ORDERED that because there is no further reason at this

500

time to maintain this file in active status, this action is STAYED and the clerk is instructed to submit a form JS–6 to the Administrative Office, thereby closing this action for statistical purposes.

IT IS FURTHER ORDERED that nothing in this order shall be considered a dismissal or disposition of the plaintiffs' § 1983 due process claim on the merits, and if the Brown County, Wisconsin Circuit Court refuses to adjudicate this § 1983 claim because it rules that this claim is time barred, then either party may renew this claim by moving this court in writing to do so. If such a motion is filed, then this stay will no longer be in effect.